T.C. Memo. 2000-220


UNITED STATES TAX COURT


WILLIAM M. DONOVAN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 18855-97, 23139-97.          Filed July 21, 2000.


Alyce C. Halchak, for petitioner.

Julia A. Cannarozzi, for respondent.

MEMORANDUM OPINION

DAWSON, Judge: These cases were assigned to Special Trial Judge Lewis R. Carluzzo pursuant to section 7443A(b)(4) and Rules 180, 181, and 183.[1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue Code in effect at the time that the petitions were filed in these cases. Rule references are to the Tax Court Rules of Practice and Procedure.

OPINION OF THE SPECIAL TRIAL JUDGE

CARLUZZO, Special Trial Judge:  On March 25, 1997, respondent issued a notice of final determination denying petitioner's request to abate interest on deficiencies for the years 1980 and 1981.  On June 16, 1997, respondent issued a notice of final determination denying petitioner's request to abate interest on deficiencies for the years 1982 and 1983.  In response to each notice a timely petition was filed pursuant to section 6404(g)[2].  The two abatement cases were consolidated for trial, briefing, and opinion.

The issue for decision is whether respondent's failure to abate accrued interest assessed on deficiencies for the years 1980 through 1983, inclusive, as requested in petitioner's claims for abatement was an abuse of discretion.

Background

Some of the facts have been stipulated and are so found.  At the time the petitions in these cases were filed, petitioner resided in New Canaan, Connecticut.

Although not readily apparent from the magnitude of the record in these cases, which includes 109 exhibits and the

---

[2]After the petitions were filed in these cases, sec. 6404(g) was redesignated sec. 6404(i) by the Internal Revenue Service Restructuring & Reform Act of 1998, Pub. L. 105-206, secs. 3305(a), 3309(a), 112 Stat. 685, 743, 745.

testimony of four witnesses over 2 days of trial, the relevant facts are not in dispute and are easily summarized.

During 1980, 1981, 1982, and 1983, petitioner invested in certain tax shelter partnerships (the tax shelters). Deductions or losses stemming from the tax shelters were claimed on his Federal income tax returns for those years. A deficiency was determined for each of those years (the deficiency years). On August 8, 1985, petitioner petitioned this Court for a redetermination of the 1981 deficiency, and on June 5, 1986, petitioner petitioned this Court for redeterminations of the 1980, 1982, and 1983 deficiencies (the deficiency cases).

The tax shelters generated approximately 1,100 Tax Court cases. Most of the taxpayers involved in those cases were represented by two attorneys (the project attorneys). Petitioner was not. Instead, petitioner was represented by Attorney Robert W. Taylor. After various pretrial proceedings and arrangements, in 1987 a settlement was negotiated between the project attorneys and respondent. Although not represented by the project attorneys, petitioner was given the opportunity in 1987 to settle the deficiency cases upon the same terms that the project attorneys negotiated for their clients. Upon the advice and recommendation of Mr. Taylor, petitioner rejected the settlement. Seven years later, in 1994 petitioner accepted the settlement offered to him in 1987. Stipulated decision documents reflecting

the redetermined deficiencies (the deficiencies) were entered in 1994. Petitioner paid the 1980 and 1982 deficiencies on September 19, 1994; he paid the 1983 deficiency on September 20, 1994; and he paid the 1981 deficiency on November 28, 1994. None of the interest that has accrued on any of the deficiencies has been paid.

In claims for abatement originally made in December 1994 and resubmitted in February 1997, petitioner requested abatements of all of the interest that had accrued on the deficiencies. As noted above, petitioner's claims were denied in notices of final determination issued by respondent in 1997.

Discussion

Subject to exceptions not relevant here, interest on a deficiency begins to accrue on the due date of the return and continues to accrue, compounding daily, until payment is made. See secs. 6601(a), 6622.

The Commissioner has the authority to abate the assessment of interest on a deficiency if the accrual of such interest is attributable to an error or delay by an official or employee of the Internal Revenue Service in performing a ministerial act. See sec. 6404(e)(1).[3] A ministerial act means a procedural or

_____

[3]Sec. 6404(e) was amended by sec. 301 of the Taxpayer Bill of Rights 2, Pub. L. 104-168, 110 Stat. 1452, 1457 (1996), to permit respondent to abate interest with respect to an "unreasonable" error or delay resulting from "managerial" or
(continued...)

mechanical act that does not involve the exercise of judgment. See <u>Lee v. Commissioner</u>, 113 T.C. 145 (1999); sec. 301.6404-2T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30163 (Aug. 13, 1987). Subject to various procedural and other requirements set forth in the statute and not here in dispute, the Court has jurisdiction over any action brought by a taxpayer to determine whether the Commissioner's failure to abate interest was an abuse of discretion. See sec. 6404(g).

As a preliminary point, we note that interest is defined as "compensation for the use or forbearance of money". <u>Deputy v. Dupont</u>, 308 U.S. 488, 498 (1940). "Use or forbearance" connotes the passage of time. Consistent with the definition of interest, section 6404(e) requires not only the identification of an error or delay caused by a ministerial act on the Commissioner's part, but the identification of a specific period of time over which interest should be abated as a result of the error or delay. See, e.g., <u>Krugman v. Commissioner</u>, 112 T.C. 230 (1999); <u>Douponce v. Commissioner</u>, T.C. Memo. 1999-398.

The expected correlation between the error or delay attributable to a ministerial act on respondent's part and a specific period of time is, for the most part, missing in these

_____

[3](...continued)
ministerial acts. The amendment is effective for interest accruing with respect to deficiencies or payments for tax years beginning after July 30, 1996, and is therefore inapplicable here.

cases because petitioner requests that all interest with respect to the deficiencies be abated.[4]  In effect, petitioner is not so much seeking an abatement of interest as he is an exemption from it.  Characterized in that manner, and among other infirmities[5], the scope of petitioner's request, simply put, is beyond that contemplated by the statute, which the Congress did not intend would "be used routinely to avoid payment of interest".  H. Rept. 99-426, at 844 (1985), 1986-3 C.B. (Vol. 2) 1, 844; S. Rept. 99-313, at 208 (1986), 1986-3 C.B. (Vol. 3) 1, 208.  Respondent's failure to abate interest as requested in petitioner's claims is supported not only by the overly broad scope of those claims, but for other reasons, as discussed below in the context of specific time frames.

Subject to other requirements, under 6404(e) a taxpayer is entitled to an abatement of assessed interest on a deficiency only for any period starting "after the Internal Revenue Service has contacted the taxpayer in writing with respect to such

---

[4]There are variances between the relief requested in petitioner's claims for abatement and the relief requested in petitioner's brief.  Because we review respondent's failure to abate interest for abuse of discretion, we focus upon the claims for abatement.  Cf. Sego v. Commissioner, 114 T.C. ___ (2000).

[5]The petitions suggest that because the deficiencies reflected in the stipulated decisions entered in the deficiency cases are less than the deficiencies determined in the notices of deficiency upon which those cases were based, respondent erred within the meaning of section 6404(e)(1).  The pure folly of this position is reflected by its abandonment on brief.

deficiency". Sec. 6404(e)(1). Stated differently, section 6404(e)(1) does not provide for the abatement of interest assessed on a deficiency for the period between the dates that the return is due and the taxpayer is contacted in writing with respect to the deficiency. In his brief, petitioner appears to have recognized this limitation, but he does not expressly concede entitlement to abatements of interest that accrued prior to the relevant dates, which are not in dispute. In any event, for each of the deficiency years, respondent's failure to abate interest for the period that ran from the due date of the return until respondent contacted petitioner in writing with respect to the deficiency is consistent with the statute. Because the statute does not authorize an abatement of interest for such period, respondent's failure to do so is not an abuse of discretion.

Petitioner's primary contention is that interest on the deficiencies should be abated because of respondent's conduct in connection with the deficiency cases. According to petitioner, the deficiency cases could have been concluded much sooner than they were if not for certain actions on respondent's part. First, we disagree with petitioner's suggestion that progress in the deficiency cases was controlled by respondent. More importantly, to the extent that petitioner identified specific actions taken by respondent in the deficiency cases, such actions

were not ministerial acts within the meaning of section 6404(e).
See Taylor v. Commissioner, 113 T.C. 206 (1999); Lee v.
Commissioner, supra.

Furthermore, section 6404(e) applies "only if no significant
aspect of such error or delay can be attributed to the taxpayer
involved." As we view the matter, petitioner's conduct, more so
than respondent's, resulted in the length of time that the
deficiency cases were pending before this Court. Petitioner
could have settled the deficiency cases within 1 year after the
second case was filed. Instead, he waited approximately 7 years
to do so. Mr. Taylor (petitioner's attorney in the deficiency
cases) testified that at the time he did not understand
respondent's settlement offer and the delay in accepting it was
due to respondent's failure, or refusal, to explain it to him.
Mr. Taylor's explanation for the delay is less than compelling
considering his testimony long after the fact that, in his
opinion, petitioner should not have accepted respondent's offer
because of the weaknesses in respondent's positions in the
deficiency cases. Nevertheless, even if respondent had some
obligation to explain the settlement proposal to petitioner's
attorney in the deficiency cases, an obligation assumed by
petitioner but unsupported by any authority, and even if
respondent failed to do so, respondent's failure does not
constitute a ministerial act.

We have considered all of petitioner's complaints regarding respondent's conduct in connection with the deficiency cases, including the claim made in petitioner's brief that the 1981 deficiency was erroneously overstated in the stipulated decision entered in the case involving that year, and find that none supports a ground for relief under section 6404(e). Respondent's conduct in connection with the deficiency cases provides no basis to conclude that respondent's failure to abate interest was an abuse of discretion.

Petitioner paid the deficiencies on various dates between September 19 and November 28, 1994. None of the interest has been paid. As of the date that each of the deficiencies was paid, interest ceased to run on the underlying tax. However, because no interest was paid, and because interest that accrued after December 31, 1982, is compounded daily, interest continued to accrue (and continues to accrue) after the dates that the deficiencies were paid. Interest accruing after the dates that the deficiencies were paid is due to petitioner's failure to pay the outstanding interest obligations and not due to a ministerial act on respondent's part. See Douponce v. Commissioner, T.C. Memo. 1999-398. Respondent's failure to abate interest for any period after the dates that the deficiencies were paid was not an abuse of discretion.

To reflect the foregoing,

<u>Decisions will be entered</u>

<u>for respondent</u>.