112 T.C. No. 16

UNITED STATES TAX COURT

ELDON HARVEY KRUGMAN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20474-97.                    Filed April 28, 1999.


        P filed his 1985 Federal income tax return on Oct.
27, 1992.  In July 1993, P signed an installment
agreement for 1985.  From August 1993 to March 1995, R
sent 19 monthly payment notices for 1985 to P which
erroneously said they included interest.  The notices
also said that P was reducing his unpaid balance for
1985 to zero by making the monthly payments.  P timely
paid the installments.

        On Aug. 9, 1995, R sent a notice to P which said
that he owed $6,019.10 for 1985.  This notice was
inconsistent with the 19 installment payment notices R
had sent to P.  P believed the Aug. 9, 1995, notice was
in error, and he asked R to abate the amount.

        R concedes that P is not liable for interest that
accrued from Apr. 12, 1993 (the day R sent the first
notice which erroneously omitted interest), to Aug. 9,
1995 (the day R told P he owed $6,019.10 for 1985).

R served a notice of levy to P dated Aug. 17, 1997, for interest for 1985 and for an unspecified statutory addition to tax of $147.21. R levied P's bank account.

P filed a petition in which he contended: (1) That R should abate additions to tax other than those which he paid in installments, (2) that R's levy was improper, (3) that he could offset his 1985 income tax liability with a refund from 1995, and (4) that R should abate certain interest under sec. 6404(e), I.R.C. R contends that we lack jurisdiction under sec. 6404(g), I.R.C. to decide any issue raised by P except whether to abate interest and that R's refusal to abate interest except as conceded by R was not an abuse of discretion.

Held, we lack jurisdiction under sec. 6404(g), I.R.C. to decide whether P is liable for penalties or additions to tax relating to his 1985 tax year, whether R's levy was improper, and whether P may offset his 1985 income tax liability with a claimed refund from 1995.

Held, further, R's refusal to abate interest that accrued before Apr. 12, 1993 (i.e., during the years P failed to file and before R began sending erroneous monthly notices), was not an abuse of discretion.

Eldon Harvey Krugman, pro se.

Mark S. Heroux and Virginia L. Hamilton, for respondent.

COLVIN, Judge: On April 10, 1997, respondent issued a final determination partially disallowing petitioner's claim to abate interest. Petitioner timely filed a petition under section 6404(g)[1] and Rule 280.

---

[1] This was redesignated as sec. 6404(i) by the Internal Revenue Service Restructuring & Reform Act of 1998 (RRA 1998), Pub. L. 105-206, secs. 3305(a), 3309(a), 112 Stat. 685, 743, 745.
(continued...)

The issues for decision are:

1.   Whether we have jurisdiction to decide:  (a) Whether petitioner is liable for additions to tax or penalties other than those which he paid in installments, (b) whether respondent's levy was improper, and (c) whether petitioner may offset his 1985 income tax liability with a refund from 1995.  We hold that we do not.

2.   Whether respondent's denial of petitioner's request to abate interest that accrued before April 12, 1993, was an abuse of discretion.  We hold that it was not.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

A.   <u>Petitioner</u>

Petitioner lived in Grand Junction, Colorado, when he filed the petition to abate interest.  He graduated from the University of Nebraska with degrees in architecture and construction management.  He worked in energy conservation before 1995 and in home construction after 1995.

---

[1](...continued)
Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended.  Rule references are to the Tax Court Rules of Practice and Procedure.

B.   Petitioner's Returns for 1985-91

On July 21, 1992, petitioner read an article in the Rocky Mountain News which said that respondent had designed a program to encourage nonfilers to file late returns without being subject to criminal penalties.  The program required nonfilers to pay back taxes and penalties.  The program offered a payment plan for payment of taxes and penalties.  The article did not mention interest payments.  On October 27, 1992, in response to the article, petitioner filed Federal income tax returns for 1985 to 1991.

Petitioner reported on his 1985 return that he owed $3,199 in tax and that he had not paid any of that amount.  He did not make any payment with his 1985 return.

C.   Respondent's Notices in 1993

On April 12, 1993, respondent sent petitioner a notice stating that petitioner owed tax of $3,416.31 and a penalty of $854.08 for filing late, for a total of $4,270.39.  The notice said:

> We changed your 1985 return because: an error was made on your return when the amount of your social security self employment was transferred from Schedule SE (Form 1040).
> As a result of these changes, you owe $4,270.39. Please pay the amount you owe by April 22, 1993, to avoid more interest and penalties. * * *

On June 21, 1993, respondent notified petitioner that he had an unpaid tax balance of $3,695.34. Respondent calculated this amount by subtracting from $4,270.39 (balance shown on the April 12, 1993, notice), overpayments from petitioner's returns of $238 for 1989 and $337.05 for 1990.[2] This notice stated that petitioner did not owe a late payment penalty or interest. The notice said: "To avoid additional penalties and interest, send your payment for the amount you owe by 07-01-93."

D.    The Installment Agreement Form and Petitioner's Payments

In July 1993, petitioner signed a preprinted installment agreement (Form 433-D), which had no dollar amounts written on it, and sent it to respondent.[3] The Form 433-D that respondent used in 1993 states in part:

> I/We agree that the Federal taxes shown above, PLUS ALL PENALTIES AND INTEREST PROVIDED BY LAW, will be paid as follows:  [Emphasis in original.]
>
> $_____ will be paid on _____ and $_____ will be paid no later than the _____ of each month thereafter until the total liability is paid in full.  I/we also agree that the above installment payment will be increased or decreased as follows:

---

[2] Respondent disallowed overpayments for 1986, 1987, and 1988, and offset petitioner's liability for 1985 with overpayments for 1989 and 1990 (totaling $575.05).

[3] Respondent cannot find the signed installment agreement. Petitioner never had a copy of a completed agreement.

| Date of increase (or decrease) | /    / | /    / |
|---|---|---|
| Amount of increase (or decrease) | $ | |
| New installment amount | $ | |

In July 1993, petitioner paid respondent $1,000 to be applied to his 1985 tax liability. On August 16, 1993, respondent sent petitioner a letter stating in pertinent part the following:

> We have set up an installment agreement to help you pay the amount you owe for the tax period(s) shown above. Your payments are $74.87, due on the 15th of each month, beginning on Sep. 15, 1993.

> * * * * * * *

> In about six weeks, we will send you a notice showing the amount of tax, penalty, and interest you owe. You do not have to answer that notice.

Petitioner did not receive any other correspondence relating to his 1985 tax liability until around September 1, 1993, when he received a payment notice which said that he had a monthly payment of $74.87 due by September 15, 1993. It said: "Total balance owed including penalties and interest: $2,695.34."

Respondent sent petitioner a statement each month for 19 months which stated the amount of the payment due ($74.87), the due date of the next installment, and erroneously stated the "Total balance owed including penalties and interest", with an

amount that declined with each payment. None of the notices included interest.

Petitioner timely paid at least $100 per month, which was more than respondent's notices said was due. Respondent's notice dated March 1, 1995, said that "total balance owed including penalties and interest" was $180.24. On March 9, 1995, petitioner paid $180.24 to respondent.

E.  Respondent's August 9, 1995, Notice of Interest Due and Events Thereafter

On August 7, 1995, respondent assessed interest of $5,284.44 that had accrued for petitioner's 1985 tax year from April 15, 1986, to August 7, 1995.

Respondent sent petitioner a notice on August 9, 1995, which stated in part as follows:

YOUR NEXT PAYMENT IS DUE SOON

Your next payment of $74.87 is due on 08-15-95.

The current status of your account is shown below.
We apply installment payments to tax periods in the
order they are assessed.

| FORM NUMBER | CAF | TAX PERIOD ENDED | AMOUNT |
|---|---|---|---|
| 1040 | 0 | 12-31-85 | $6,019.10 |
|  |  | Payment due | $74.87 |

The amount shown doesn't include accumulated penalty
and interest. Please contact us for the total amount
due.

On September 14, 1995, petitioner wrote a letter to respondent in which he stated that he had made his final payment of $180.24 for his 1985 tax liability and asked respondent to abate the $6,019.10 claim. On April 21, 1996, petitioner filed a Claim for Refund and Request for Abatement (Form 843) for his 1985 tax year, in which he asked respondent to abate interest that had accrued because of respondent's errors and delays and additional but unspecified, penalties. Petitioner contacted respondent's Problem Resolution Office in August 1996. The case was assigned to the Problem Resolution Office by August 29, 1996.

On September 12, 1996, respondent abated $352.11 of interest that had accrued from March 1, 1995, to August 7, 1995, but otherwise rejected petitioner's request without providing any helpful explanation. In that letter, respondent's Problem Resolution Program staff said:

> We are sorry, but we cannot allow your request to remove all of the interest charged for the tax period shown above [ending December 31, 1985]. This letter is your notice that your request is partially disallowed. We allowed only $352.11 of the request for the following reasons:

> Interest waiver applies from March 1, 1995, through August 7, 1995. A notice was issued on March 1, 1995, giving you an erroneous payoff amount which you paid. The prior notices issued cannot be considered because the total payoff amounts were not paid. On August 7, 1995 a notice was issued giving you a correct payoff amount. For your information, enclosed is a detailed interest computation of your tax account for 1985.

> The current balance due for the tax period ended December 31, 1985, is $5,159.23, which includes

interest computed to October 7, 1996. Interest will continue to accrue until the balance due is paid in full.

On October 10, 1996, petitioner wrote to ask respondent's Appeals Office to consider his case. On March 4, 1997, an Appeals officer for respondent wrote to petitioner to acknowledge that respondent's 19 erroneous notices were "misleading", and explained that, despite those notices, petitioner was liable for interest for 1985:

> I received your claim for abatement of interest for 1985 in Appeals. The installment agreement states the balance owed as of a certain date. The installment agreement also states plus all penalties and interest provided by law. Thus, interest continues to accrue on the unpaid balance during the installment period until paid in full. However, the additional interest which accrues on the unpaid balance during the installment period is not recalculated until the end of the installment period. I will agree that the statement on your monthly bills "including penalties and interest" is misleading and I will attempt to get this language revised. However, since you did not pay off the stated balance due until March, 1995, I cannot recommend abatement of interest in excess of what Examination Division has already recommended.

On April 10, 1997, one of respondent's Appeals officers issued a final determination of petitioner's claim to abate interest under section 6404(e).

On August 17, 1997, respondent issued a levy to petitioner's bank which stated that he had an unpaid assessment for 1985 of $5,426.38 and statutory additions of $147.21, for a total of $5,573.59. On September 18, 1997, respondent collected $127.96 from the levy.

Interest accrued on petitioner's tax liability for 1985 as follows:

| Period | Interest |
| --- | --- |
| Apr. 15, 1986 - Apr. 11, 1993 | $4,022.76 |
| Apr. 12, 1993 - Aug. 8, 1995 | 1,106.81 |
| Aug. 9, 1995 - date of trial | 1,354.30 |

Petitioner meets the net worth requirements under 28 U.S.C. section 2412(d)(2)(B) (1994).

Petitioner petitioned this Court to review respondent's refusal to abate interest in the amount of $5,426.38.[4] Petitioner also alleged in the petition that he is not liable for additions to tax (other than that which he already paid in installments), that respondent improperly levied his bank account, and that he may offset his 1985 income tax liability with a refund from 1995. Respondent filed an answer generally denying the contentions in the petition.

At trial, respondent filed a motion to dismiss for lack of jurisdiction over the part of the case with respect to petitioner's claim for abatement of penalties and wrongful levy.

OPINION

A.  Whether We Have Jurisdiction To Decide Petitioner's Contentions About a Wrongful Levy, Refund Offset, and Liabilities for Additions to Tax or Penalties

1.  Wrongful Levy

Petitioner contends that respondent's collection of $127.96 from the levy issued on August 17, 1997, was improper because it

---

[4] At trial, the parties stipulated that the correct amount of assessed accrued interest in dispute is $5,284.44.

was issued within 180 days after respondent determined not to abate interest. Respondent contends that we lack jurisdiction to consider petitioner's claim. We agree with respondent.

Petitioner's argument is apparently based on his assumption that the stay of assessment that applies under deficiency procedures applies in this case. Generally, respondent may not assess or collect tax and additions to tax and penalties pertaining to a deficiency from the time a notice of deficiency is mailed until the time to file a petition expires (90 days or 150 days if applicable), or until the decision of the Tax Court becomes final if a petition is filed.[5] Sec. 6213(a). Petitioner brought this action under section 6404(g), not under section 6213. Section 6404(g) does not bar assessment, unlike section 6213. Thus, we lack jurisdiction under section 6404 to decide petitioner's claim that respondent made a wrongful levy.[6]

2. Refund Offset

Petitioner contends that he may offset his 1985 tax liability with a refund of $903.41 from 1995. Respondent contends that we lack jurisdiction to consider petitioner's

---

[5] Exceptions to restrictions on assessment (not applicable in this case) include assessments arising from mathematical errors, tentative carry back or refund adjustments, and amounts paid as a tax. Sec. 6213(b).

[6] Effective 180 days after July 22, 1998, the Tax Court has jurisdiction to review determinations under sec. 6330 relating to proposed levies. RRA 1998 sec. 3401(b), 112 Stat. 747, adding sec. 6330.

claim. We agree with respondent. Section 6404(g) does not give us jurisdiction to decide whether petitioner is entitled to a refund offset.

3. <u>Liability for Penalties or Additions to Tax</u>

On April 12, 1993, respondent told petitioner that the penalty for filing a return late under section 6651 is $854.08. Petitioner fully paid that amount as part of his monthly installment payments.

In the notice of levy that respondent sent on August 17, 1997, respondent said that for 1985, petitioner had unspecified statutory additions to tax of $147.21. In his petition, petitioner contends that respondent improperly failed to abate the $147.21. Respondent contends that we lack jurisdiction to consider petitioner's claim. We agree with respondent.

The notice of levy does not state under what authority respondent imposed the $147.21 addition to tax. The only penalty or addition to tax for which respondent has stated petitioner is liable for 1985 is the addition to tax for failure to timely file under section 6651. Section 6404(g) does not give us jurisdiction to decide whether petitioner is liable for that or any other addition to tax. The $147.21 addition to tax would not be subject to our deficiency procedures if respondent imposed it under section 6651 because petitioner did not timely file his return and pay the tax shown as due on his filed return, nor did

respondent determine a deficiency in tax.  Sec. 6665(b); <u>Meyer v. Commissioner</u>, 97 T.C. 555, 562 (1991).

We conclude that we lack jurisdiction under section 6404(g) to decide petitioner's claim that respondent improperly refused to abate the $147.21 addition to tax.

B.   <u>Abatement of Interest</u>

1.   <u>Contentions of the Parties</u>

The parties agree that respondent's monthly payment notices had incorrect payoff figures, but they disagree about the effect of respondent's error.

Petitioner contends that he is not liable for interest for 1985 because he fully complied with respondent's payment notices, in which respondent repeatedly said the payments included interest.  He contends that respondent should not charge interest after establishing payment terms which he fully met.  Petitioner contends that respondent's failure to abate interest that accrued from April 15, 1986, to April 11, 1993, is an abuse of discretion.

Respondent concedes that petitioner is entitled to an abatement of interest which accrued on his deficiency and addition to tax from April 12, 1993 (the date that respondent first told petitioner that he owed tax and an addition to tax, but incorrectly failed to notify him that he owed interest), to August 9, 1995 (the day respondent corrected the error and first

told petitioner how much interest he owed for 1985). Respondent contends that petitioner is not entitled to further abatement of interest under section 6404(e).

2.   The Commissioner's Authority To Abate Interest

Under section 6404(e)(1), the Commissioner may abate part or all of an assessment of interest on any deficiency or payment of income, gift, estate, and certain excise tax to the extent that any error or delay in payment is attributable to erroneous or dilatory performance of a ministerial act by an officer or employee of the Commissioner if (a) the Commissioner notified the taxpayer in writing about the deficiency or payment, and (b) the taxpayer did not contribute significantly to the error or delay.[7]

---

[7] Sec. 6404(e)(1) as enacted in 1986 and as applicable here provides:

SEC. 6404(e).  Assessments of Interest Attributable to Errors and Delays by Internal Revenue Service.--

(1)  In general.--In the case of any assessment of interest on--

(A)  any deficiency attributable in whole or in part to any error or delay by an officer or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial act, or

(B)  any payment of any tax described in section 6212(a) to the extent that any error or delay in such payment is attributable to such officer or employee being erroneous or dilatory in performing a ministerial act,

the Secretary may abate the assessment of all or any part of such interest for any period.  For purposes of
(continued...)

Congress intended for the Commissioner to abate interest under section 6404(e) "where failure to abate interest would be widely perceived as grossly unfair" but not that it "be used routinely to avoid payment of interest".  H. Rept. 99-426, at 844 (1985), 1986-3 C.B. (Vol. 2) 1, 844; S. Rept. 99-313, at 208 (1986), 1986-3 C.B. (Vol. 3) 1, 208.

### 3.  Jurisdiction of the Tax Court

We have jurisdiction to decide whether respondent's failure to abate interest under section 6404(e)(1)(B) is an abuse of discretion because (a) petitioner made a claim under section 6404(e) to abate interest on unpaid tax, (b) after July 30, 1996,[8] respondent issued a final determination which disallowed a part of petitioner's claim to abate interest, and (c) petitioner

---

[7](...continued)
the preceding sentence, an error or delay shall be taken into account only if no significant aspect of such error or delay can be attributed to the taxpayer involved, and after the Internal Revenue Service has contacted the taxpayer in writing with respect to such deficiency or payment.

Congress amended sec. 6404(e) in 1996 to permit abatement of interest for "unreasonable" error and delay in performing a "ministerial or managerial" act.  Taxpayer Bill of Rights 2 (TBOR 2), Pub. L. 104-168, sec. 301(a)(1) and (2), 110 Stat. 1452, 1457 (1996).  However, that standard first applies to tax years beginning after July 30, 1996.  TBOR 2 sec. 301(c), 110 Stat. 1457.

[8] The Tax Court has jurisdiction under sec. 6404(g) if the taxpayer asks the Commissioner to abate interest before July 30, 1996, and the Commissioner denies the request after that date. Banat v. Commissioner, 109 T.C. 92, 94-95 (1997).

timely filed a petition to review the failure to abate interest. Sec. 6404(g)(1).

4. <u>Whether Respondent's Refusal To Abate Interest From April 15, 1986, to April 11, 1993, Was an Abuse of Discretion</u>

a. <u>April 15, 1986, to April 11, 1993</u>

Petitioner's 1985 return was due on April 15, 1986. He filed that return on October 27, 1992. Respondent issued a notice on April 12, 1993. Petitioner contends that respondent's refusal to abate interest from April 15, 1986, to April 11, 1993, was an abuse of discretion under section 6404(e).

We disagree with petitioner. Section 6404(e) applies only after respondent has contacted the taxpayer in writing about the deficiency or payment of tax. Sec. 6404(e)(1) (flush language); H. Rept. 99-426, <u>supra</u>, 1986-3 C.B. (Vol. 2) at 844 ("This provision does not therefore permit the abatement of interest for the period of time between the date the taxpayer files a return and the date the IRS commences an audit, regardless of the length of that time period."). Thus, petitioner is not entitled to relief under section 6404 for the period from April 15, 1986, to April 11, 1993.

b. <u>April 12, 1993, to August 9, 1995</u>

Respondent concedes that the failure to include interest on the notice dated April 12, 1993, was an error, that petitioner is

not liable for interest from April 12, 1993, to August 9, 1995, and that interest for that period should be abated.

To reflect the foregoing and concessions,

<u>An appropriate order will be issued</u>.