T.C. Memo. 2001-25

UNITED STATES TAX COURT

LARRY G. SCHUSTER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14123-99.                    Filed February 6, 2001.

Larry G. Schuster, pro se.

<u>Joan Steele Dennett</u>, for respondent.

MEMORANDUM OPINION

RUWE, <u>Judge</u>:  On March 3, 1999, respondent issued a notice
of final determination denying petitioner's claim to abate
interest on his 1993 and 1995[1] Federal income tax liabilities.
Petitioner timely filed a petition to this Court under section

---

[1]Petitioner has conceded his claim for interest abatement
with respect to the 1995 taxable year.

6404(i)[2] and Rules 280-284.  The sole issue for decision is whether respondent abused his discretion by denying petitioner's request to abate interest.

Background

The parties submitted this case fully stipulated.  The stipulation of facts and the attached exhibits are incorporated herein by this reference.  Petitioner resided in Great Falls, Montana, at the time he filed his petition.

Petitioner timely filed his Federal income tax returns for the years 1992 through 1995.  Respondent audited petitioner's income tax returns for all these years.  Respondent determined deficiencies in petitioner's income tax for the years 1992 through 1995.[3]  Petitioner did not dispute those deficiencies, and they were assessed.  Prior to June 12, 1997, petitioner made various payments in partial satisfaction of his tax liabilities for the years 1992, 1993, and 1994.  As of July 8, 1997, petitioner's outstanding tax liabilities, consisting of assessments and additional accrued statutory additions, for 1992, 1993, and 1995, were $378.49, $1,124.76, and $128.23, respectively, for a total of $1,631.48.  As of July 7, 1997,

---

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at the time that the petition was filed in this case, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[3]Respondent also determined the estimated tax penalty applied for the taxable year 1995.  Petitioner does not dispute the 1995 estimated tax penalty.

petitioner's outstanding tax liability for 1994 consisted of $536 of tax and $600.27 of interest.

On June 12, 1997, respondent levied on petitioner's bank account located at the First Interstate Bank-Commerce in Billings, Montana, for the amounts petitioner owed for the years 1992, 1993, and 1995.  On July 10, 1997, respondent received $1,631.48 from First Interstate Bank-Commerce and credited the full amount to petitioner's 1992, 1993, and 1994 tax liabilities. As a result, petitioner's 1993 tax liability was fully paid.[4]

On July 20, 1997, respondent issued a second levy, this time on petitioner's bank account located at the State Capitol Employees Credit Union in Helena, Montana.  The notice of levy stated that the levy was for unpaid tax liabilities for 1993 and 1995 in the amounts of $1,134.57 and $129.34, respectively, for a total of $1,263.91.  On August 14, 1997, respondent received $1,263.91 from the State Capitol Employees Credit Union.  Because petitioner's 1993 tax liability had already been satisfied by the June 12, 1997, levy, the $1,263.91 was shown as an overpayment on petitioner's 1993 account.  Respondent then applied the proceeds of the July 20, 1997, levy to petitioner's 1994, 1995, and 1996 unpaid tax liabilities in the amounts of $1,014.03, $129.40, and

---

[4]The levy proceeds were credited to petitioner's accounts as of July 10, 1997.

$120.48, respectively.[5]  As a result of the second levy, petitioner's 1994 tax liability was satisfied.

On August 10, 1998, petitioner filed a Form 843, Claim for Refund and Request for Abatement, for the 1993 and 1995 taxable years.  On October 23, 1998, respondent denied petitioner's claim for interest abatement.  On November 21, 1998, petitioner filed an appeal with respondent's Appeals Office.  On March 3, 1999, respondent issued a notice of final determination denying petitioner's claim for abatement of interest.  Petitioner timely filed a petition to this Court seeking review of respondent's failure to abate interest.

Discussion

This Court may order an abatement of interest only where there is an abuse of discretion by the Commissioner in refusing to abate interest.  See sec. 6404(i).  In order to show an abuse of discretion, petitioner must establish that respondent exercised his discretion arbitrarily, capriciously, or without sound basis in fact or law.  See Rule 142(a); Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Petitioner argues that interest should be abated because the July 20, 1997, levy resulted in the collection of interest for the taxable year 1993, after such interest had been paid in full by proceeds from the June 12, 1997, levy.  Petitioner argues that

---

[5]These amounts were credited to petitioner's 1994, 1995, and 1996 accounts as of Aug. 14, 1997.

the issuance of the July 20, 1997, levy was an error in performing a ministerial act and that respondent failed to give petitioner notice of intent to levy pursuant to section 6331(d)[6] for the 1994 taxable year. Petitioner asks this Court to abate interest in the amount of $1,082.37 and statutory additions in the amount of $53.48, which he claims is the portion of the July 20, 1997 levy proceeds attributable to respondent's error.

Respondent argues that no additional interest was assessed after July 10, 1997; thus, there is no interest to be abated. Respondent claims that the July 20, 1997, levy was issued because the July 10, 1997, levy proceeds were not inputted as a credit into petitioner's 1993 account until July 28, 1997. Respondent claims that petitioner's argument should properly be characterized as a wrongful levy claim, not a claim for the abatement of interest. Respondent further argues that any error on his part is not due to a ministerial act because the issuance of a levy requires the exercise of judgment and is not a procedural or mechanical act.

Section 6404(e)(1) provides, in pertinent part, that the Commissioner has discretionary authority to abate part or all of an assessment of interest on: (1) Any deficiency attributable to

---

[6]Sec. 6331(d) provides that levy may be made upon the salary, wages, or other property of any person with respect to any unpaid taxes only after the Secretary has given written notice to such person of an intent to levy, no less than 30 days before the day of levy.

any error or delay by the Commissioner's officers or employees in performing a ministerial act; or (2) any payment of tax to the extent any error or delay in such payment is attributable to such officers or employees being erroneous or dilatory in performing a ministerial act.[7]  An error or delay by the Commissioner can be taken into account only if it occurs after the Commissioner has contacted the taxpayer in writing with respect to the deficiency or payment and if no "significant aspect" of the error or delay is attributed to the taxpayer.  Sec. 6404(e)(1); Nerad v. Commissioner, T.C. Memo. 1999-376.  A "ministerial act" does not involve the exercise of judgment or discretion.  Sec. 301.6404-2T(b)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30163 (Aug. 13, 1987).  It is a procedural or mechanical act that occurs during the processing of the taxpayer's case after all prerequisites to the act, such as conferences and review by supervisors, have taken place.  See id.  Because Congress did not intend for section 6404(e) to be used routinely, we order abatement only "where failure to abate interest would be widely perceived as grossly unfair."  Lee v. Commissioner, 113 T.C. 145, 149 (1999); H. Rept. 99-426, at 844 (1985), 1986-3 C.B. (Vol. 2)

---

[7]In 1996, sec. 6404(e)(1) was amended by the Taxpayer Bill of Rights 2, Pub. L. 104-168, sec. 301, 110 Stat. 1452, 1457 (1996), to allow the Commissioner to abate interest for an "unreasonable" error or delay resulting from "managerial" and ministerial acts.  The amendment is in effect for tax years beginning after July 30, 1996, and thus is not applicable in this case.  See Woodral v. Commissioner, 112 T.C. 19, 25 n.8 (1999).

1, 844; S. Rept. 99-313, at 208 (1986), 1986-3 C.B. (Vol. 3) 1, 208.

Petitioner does not dispute the amount of his 1993 tax liability as of July 10, 1997, and agrees that the June 12, 1997, levy was appropriate and resolved petitioner's tax liability for 1993. Petitioner has not alleged that respondent assessed additional interest after July 10, 1997, with respect to petitioner's 1993 taxable year. Rather, petitioner's dispute concerns his claims that his property was levied upon twice for 1993 and that application of the July 20, 1997, levy proceeds to his 1994 tax liability was erroneous because he did not receive notice of respondent's intent to levy for the 1994 year.

Respondent did not cause any delay in the payment of petitioner's 1993 tax liability. Petitioner has not alleged any error on the part of respondent prior to July 10, 1997, the date on which his 1993 tax liability was resolved. Although it appears that respondent mistakenly levied on petitioner's property twice for his 1993 tax liability,[8] respondent promptly

---

[8]Petitioner alleges that respondent wrongfully levied on petitioner's property because notice of intent to levy was not provided for the 1994 year. The evidence before us indicates that respondent levied on petitioner's property twice for petitioner's 1993 tax liability, but that proceeds from the second levy were used to satisfy petitioner's undisputed tax liabilities for subsequent years. Petitioner brought this action under sec. 6404 seeking review of respondent's failure to abate interest. In the instant case, we lack jurisdiction to decide petitioner's claim that respondent made a wrongful levy. See sec. 6404(i); Krugman v. Commissioner, 112 T.C. 230, 236 (1999).

applied the proceeds of the second levy to petitioner's undisputed tax liabilities for subsequent tax years. Petitioner was not assessed any additional interest for 1993.

Respondent chose not to abate interest because petitioner's 1993 tax liability was resolved by the first levy, and the proceeds from the second levy were applied to petitioner's outstanding tax liabilities for subsequent years. Respondent's decision not to abate interest was not arbitrary, capricious, or without sound basis in fact or law. Accordingly, we hold that respondent's denial of petitioner's claim to abate interest was not an abuse of discretion.

Decision will be entered for respondent.