T.C. Memo. 2001-104

UNITED STATES TAX COURT

ROBERT A. AND M. FAYE STRANG, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8130-00.                    Filed May 1, 2001.

Robert A. Strang and M. Faye Strang, pro se.

<u>Brandi Darwin</u>, for respondent.


MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Chief Special
Trial Judge Peter J. Panuthos pursuant to the provisions of
section 7443A(b)(5) and Rules 180, 181, and 183.[1]  The Court

---

[1]    Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the years in issue,
and all Rule references are to the Tax Court Rules of Practice
and Procedure.

agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

## OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, Chief Special Trial Judge: On February 7, 2000, respondent issued a notice of final determination denying petitioners' request for an abatement of interest under section 6404(e)(1) for their 1993, 1994, and 1995 tax years. The issue for decision is whether respondent abused his discretion in failing to abate the assessment of interest.

Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. All references to petitioner are to Robert A. Strang. At the time this petition was filed, petitioners resided in Punta Gorda, Florida.

Petitioner is a certified public accountant. On December 21, 1995, respondent began an examination of Sunshine Travel Agency, Inc.'s (Sunshine) corporate tax returns for a period unspecified in the record. Sunshine is wholly owned by petitioners. On January 18, 1996, Internal Revenue Service (IRS) Agent Karen Garner held her first meeting with petitioner. Agent Garner expanded her examination to include petitioners' 1993 and 1994 individual income tax returns on January 23, 1996. Between March 1996 and June 1997, Agent Garner spent at least 48 days

reviewing the relevant returns. In early 1997, Agent Garner included petitioners' 1995 income tax return in the examination. Respondent issued a 30-day letter to petitioners on June 10, 1997, for the taxable years 1993, 1994, and 1995, and Agent Garner held a closing conference with petitioner on the same day. Agent Garner closed the case on July 28, 1997, after receiving a protest letter from petitioners.

Petitioners' case was assigned to IRS Appeals Officer Roger Allen on August 28, 1997. Officer Allen met with petitioner on December 9, 1997, but he did not work on petitioners' case between January 9, 1998, and June 9, 1998, because of his caseload and other priorities. Officer Allen received petitioners' offer of settlement on July 6, 1998, and respondent received an executed settlement agreement from petitioners on October 16, 1998. Tax and interest were assessed on November 12, 1998, pursuant to the agreement.

Petitioners submitted a Claim for Refund and Request for Abatement (Form 843) on February 10, 1999, for tax years 1993, 1994, and 1995. On February 7, 2000, respondent mailed to petitioners a final determination disallowing petitioners' claim for abatement of interest under section 6404(e)(1). Respondent stated therein that he "did not find any errors or delays that merit abatement of interest".

Petitioners filed a timely petition for review of respondent's denial of their request for abatement of interest. The following is the centerpiece of petitioners' argument: "From my experience the average amount of time required for an audit is from three to six months after the agent has started the case." Since the examination process took more than 6 months, petitioners assert that respondent unduly delayed the process.

Respondent contends that he did not abuse his discretion in denying petitioners' request. Further, respondent argues that petitioners have not established that there was an error or delay as a result of a ministerial act.

Discussion

Section 6404(g) (redesignated as subsection 6404(i)), enacted by section 302(a) of the Taxpayer Bill of Rights 2 (TBOR2), Pub. L. 104-168, 110 Stat. 1457 (1996), provides the Tax Court with authority to review the Commissioner's denial of a taxpayer's request for abatement of interest. This Court may order an abatement where the Commissioner's failure to abate interest was an abuse of discretion. See sec. 6404(g). The taxpayer must demonstrate that the Commissioner, in failing to abate interest, exercised his discretion arbitrarily, capriciously, or without sound basis in law or fact. See Krugman v. Commissioner, 112 T.C. 230, 239 (1999); Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Petitioners' request for abatement of interest is based upon section 6404(e)(1).  Section 6404(e)(1) provides that the Commissioner may abate interest on any payment of tax to the extent that any delay in payment is attributable to unreasonable error or delay by an officer or employee of the IRS in performing a ministerial act.[2]  The term "ministerial act" is defined as "a procedural or mechanical act that does not involve the exercise of judgment or discretion, and that occurs during the processing of a taxpayer's case after all prerequisites to the act, such as conferences and review by supervisors, have taken place."  Sec. 301.6404-2T(b)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30163 (Aug. 13, 1987).[3]

Congress intended for the Commissioner to abate interest "where failure to abate interest would be widely perceived as grossly unfair."  H. Rept. 99-426, at 844 (1985), 1986-3 C.B. (Vol. 2) 1, 844; S. Rept. 99-313, at 208 (1986), 1986-3 C.B.

---

[2]     In 1996, sec. 6404(e) was amended under sec. 301 of TBOR2, Pub. L. 104-168, 110 Stat. 1457 (1996), to permit the Commissioner to abate interest with respect to an "unreasonable" error or delay resulting from "managerial" and ministerial acts. This amendment, however, applies to interest accruing with respect to deficiencies or payments for tax years beginning after July 30, 1996.  Therefore, the amendment is inapplicable to the instant case.  See Woodral v. Commissioner, 112 T.C. 19, 25 n.8 (1999).

[3]     The final regulation under sec. 6404, as issued on Dec. 18, 1998, contains the same definition of ministerial act.  The final regulation generally applies to interest accruing on deficiencies or payments of tax for taxable years beginning after July 30, 1996.  See sec. 301.6404-2(b)(2), Proced. & Admin. Regs.

(Vol. 3) 1, 208.  Yet, Congress intended that abatement would be used sparingly, and it did not intend that abatement "be used routinely to avoid payment of interest."  Id.

Petitioners contend that respondent unduly delayed the examination process because the examination took more than 6 months.  Petitioners failed to establish any incidence of error or delay in performing ministerial acts that gave rise to any assessment of interest.  Arguably, respondent delayed petitioners' case when Officer Allen set their case aside for 6 months to work on other cases.  However, the failure of an IRS officer to work on a case due to other priorities is not a ministerial act.  See Leffert v. Commissioner, T.C. Memo. 2001-23.  We conclude that respondent's failure to abate interest was not an abuse of discretion.

To reflect the foregoing,

Decision will be entered for respondent.