T.C. Memo. 2003-9

UNITED STATES TAX COURT

H & H TRIM & UPHOLSTERY CO., INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2482-00.                    Filed January 9, 2003.

Dane R. Halse (an officer), for petitioner.

<u>J. Michael Melvin</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial
Judge Lewis R. Carluzzo pursuant to section 7443A(b)(5) and Rules
180, 181, and 183.[1]  The Court agrees with and adopts the opinion
of the Special Trial Judge, which is set forth below.

---

    [1]  Unless otherwise indicated, section references are to the
Internal Revenue Code of 1986, as amended.  Rule references are
to the Tax Court Rules of Practice and Procedure.

OPINION OF THE SPECIAL TRIAL JUDGE

CARLUZZO, Special Trial Judge:  On September 24, 1999, respondent issued a notice of final determination denying petitioner's request to abate interest related to employment taxes for the fourth quarter of 1993.  Petitioner filed a timely petition for review with this Court.  Our jurisdiction is established by section 6404(h).[2]  The issue for decision is whether respondent's failure to abate interest with respect to petitioner's employment tax liability for the fourth quarter of 1993 is an abuse of discretion.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. Petitioner was incorporated in Florida in 1986.  At the time the petition was filed, petitioner's principal place of business was located in Sarasota, Florida.  At all relevant times, Dane R. Halse served as petitioner's president.

On or about January 31, 1994, petitioner filed with the Internal Revenue Service a timely Form 941, Employer's Quarterly Federal Tax Return (Form 941), for the quarter ending December 31, 1993, reflecting a tax liability of $5,304.09.  Petitioner made no deposits of employment tax during the fourth quarter of 1993, and it did not send in any payments with its tax return for

---

[2]  Previously designated sec. 6404(i).  See Victims of Terrorism Tax Relief Act of 2001, Pub. L. 107-134, sec. 112(d)(1)(B), 115 Stat. 2435.

that quarter. Following a similar pattern, petitioner continued to accrue employment tax liabilities for subsequent quarters, including the first and fourth quarters of 1994 and the first three quarters of 1996.

In June of 1994, petitioner and respondent entered into an agreement whereby, following a payment of $400 on June 15, petitioner agreed to make weekly payments of $250 until petitioner's then-outstanding employment tax liabilities were paid in full. Payments of $400 and $600 were applied to petitioner's employment tax liability for the fourth quarter of 1993 on November 8, 1996, and December 19, 1996, respectively.

In response to an inquiry made in a telephone conversation that occurred during January of 1997, an employee of respondent advised Mr. Halse that petitioner's then-outstanding employment tax liabilities were as follows: Fourth quarter of 1993--$6,088.36; first quarter of 1994--$3,679.45; fourth quarter of 1994--$435.69; first, second, and third quarters of 1996--$1,277.57. On January 15, 1997, Mr. Halse delivered to respondent's Sarasota office four certified checks in amounts corresponding to the account balances provided to Mr. Halse by respondent's employee. On January 16, 1997, the checks were applied to the designated account balances for the above-referenced quarters.

In reliance on the payoff figures provided by respondent's employee, petitioner believed that, as of January 15, 1997, all of its then-outstanding employment tax liabilities, including its liability for the fourth quarter of 1993, had been completely satisfied. As it turned out, respondent's employee had provided Mr. Halse with the wrong payoff amount for the fourth quarter of 1993; the amount did not include interest and additions to tax that had accrued but had not been assessed as of the time the employee provided the information. This mistake went unnoticed for some time. Eventually, doubt arose as to whether petitioner's liability for the fourth quarter of 1993 had been extinguished. As a result of discussions between respondent and petitioner, it was clear to petitioner as of June 30, 1998, that its employment tax liability for the fourth quarter of 1993 had not been completely satisfied. The outstanding liability was attributable to interest and additions to tax that had accrued prior to January 15, 1997, but had not been assessed as of that date. After learning of this balance, petitioner requested that respondent abate the unpaid interest and additions to tax for the fourth quarter of 1993. Petitioner's request for abatement was considered and denied by respondent's Appeals Office by letter dated September 24, 1999. Nevertheless, on October 25, 1999, respondent partially abated an addition to tax assessed pursuant to section 6651(a)(2).

OPINION

In general, interest on a Federal tax liability begins to accrue from the last date prescribed for payment of such tax and continues to accrue, compounding daily, until payment is made. See secs. 6601(a), 6622. Although the accrual of interest occurs continually, it is assessed only periodically. Section 6404(a) provides that the Commissioner is authorized to abate the unpaid portion of the assessment of any tax or any liability in respect thereof that is (1) excessive in amount, (2) assessed after the expiration of the period of limitations properly applicable thereto, or (3) erroneously or illegally assessed. The reference to "any tax" in section 6404(a) includes employment taxes, Woodral v. Commissioner, 112 T.C. 19 (1999), and the reference to "any liability in respect" to the tax includes interest that has accrued on the underlying tax.[3] The Commissioner's failure to abate interest as provided in section 6404(a) is subject to review for abuse of discretion by this Court. Sec. 6404(h)(1); Woodral v. Commissioner, supra at 22-23.

We are satisfied that the interest that petitioner seeks to have abated was not assessed (or will not be assessed) erroneously, illegally, or after the period of limitations

---

[3] As best as can be determined from the record, as of the date of trial, substantially all, if not all, of petitioner's then-outstanding unpaid employment tax liability for the fourth quarter of 1993 was attributable to interest.

expired.  Instead, we focus our attention on whether such interest is "excessive" as that term relates to interest and is used in section 6404(a).

According to respondent, interest that is assessed erroneously or illegally is excessive.  We agree.  But respondent goes on to suggest that interest is excessive <u>only</u> if it is assessed erroneously or illegally.  Restricted in that manner, we consider respondent's construction of the term "excessive" to be too narrow and otherwise objectionable as it renders the term superfluous.  See <u>Conn. Natl. Bank v. Germain</u>, 503 U.S. 249, 253 (1992) ("courts should disfavor interpretations of statutes that render language superfluous").

Unless it leads to a result inconsistent with the overall objective of a statute, a word used in a statute should be accorded its plain meaning.  See <u>id.</u>; <u>United States v. Ron Pair Enters., Inc.</u>, 489 U.S. 235, 242 (1989).  In this regard, respondent points out that petitioner's position is based upon a "fairness" standard, and respondent argues that the concept of fairness is not contemplated by the term "excessive" as that term relates to interest and is used in section 6404(a).  We disagree. Webster's Third New International Dictionary (1993) defines "excessive" as "whatever notably exceeds the reasonable, usual, proper, necessary, <u>just</u>, or endurable". (Emphasis added.)  It further defines "just" to mean "equitable", and "equitable" to

mean "fair".  As we view the matter, when used in the context of interest, the plain meaning of the word "excessive" takes into account the concept of what is fair, or more appropriate here, unfair.

According to petitioner, it would be unfair to hold it liable for any amount of interest in excess of the erroneous payoff amount provided by respondent in January 1997.[4] Petitioner's position extends to all of the unpaid interest related to its employment tax liability for the fourth quarter of 1993, but we think it is more appropriate to focus on petitioner's position as it relates to specific periods over which the interest accrued.  Cf. Donovan v. Commissioner, T.C. Memo. 2000-220.

---

[4] Petitioner's position implicitly suggests that the obligation to keep track of its employment tax liability (including interest) was respondent's, rather than its own. Neither party expressly addressed this point, and, in the absence of a disagreement between the parties, we likewise decline to do so.  Nevertheless, under the circumstances of this case, we proceed as though petitioner could, and did, reasonably expect that the information provided by respondent's employee was accurate.  Cf. Krugman v. Commissioner, 112 T.C. 230 (1999) (respondent conceded that the Government's failure to provide a taxpayer with the correct payoff amount was an appropriate ground for an interest abatement); Douponce v. Commissioner, T.C. Memo. 1999-398 (holding that, where the Government mistakenly provided a taxpayer with an incorrect payoff amount, the Government's failure to abate some of the interest that accrued thereafter was an abuse of discretion).

Accrued-But-Unassessed Interest as of January 15, 1997

In January 1997, petitioner contacted respondent and asked for a payoff amount for its then-outstanding Federal employment tax liabilities. For the fourth quarter of 1993, respondent's employee quoted petitioner an erroneous payoff amount that failed to take into account interest and additions to tax that had accrued but had not yet been assessed. Unaware of respondent's error, petitioner paid this payoff amount on January 15, 1997, but now suggests that, because respondent failed to include accrued but unassessed interest in the payoff amount, such interest should be abated. Petitioner's position is without merit.

In effect, petitioner asks to be relieved of this interest liability because respondent failed to notify petitioner that the interest was due. There is no suggestion that petitioner was not otherwise liable for that interest, and petitioner readily acknowledges that, had it been made aware of such interest, it would have paid the interest on January 15, 1997. Under these circumstances, we do not consider the unassessed interest that accrued prior to January 16, 1997, to be unfair. Because that interest is not otherwise excessive in amount, assessed after the expiration of the period of limitations, or erroneously or illegally assessed, section 6404(a) does not provide respondent with the authority to abate that unpaid interest. Because there

is no statutory authority that supports the abatement of such interest, respondent's failure to abate is hardly an abuse of discretion. Therefore, respondent's failure to abate interest that accrued prior to January 16, 1997, is not an abuse of discretion.

Interest From January 16, 1997 Through June 30, 1998

As of January 15, 1997, petitioner, in good faith, considered its Federal employment tax liability for the fourth quarter of 1993 to have been completely satisfied upon payment of the amount specified by respondent's employee. As of June 30, 1998, it was clear to petitioner that the January 15, 1997, payment did not entirely extinguish its Federal employment tax liability for the fourth quarter of 1993 because that payment did not include interest that had accrued but had not been assessed as of the payment date.

Under the circumstances, we are satisfied that, but for respondent's error, petitioner's then-outstanding Federal employment tax liability for the fourth quarter of 1993 would have been completely paid on January 15, 1997. Had petitioner completely paid its employment tax liability on January 15, 1997, no additional interest would have accrued.

Although the point is not specifically conceded, respondent makes little attempt to persuade us that, under these circumstances, it would not be unfair to charge petitioner with

the interest that accrued from January 16, 1997, through June 30, 1998.  Assuming that it was respondent's obligation to accurately advise petitioner of its outstanding employment tax liability, and that petitioner reasonably expected respondent would do so (see supra note 4), we consider the interest that accrued as a result of respondent's error to be unfair and, under the circumstances presented, excessive.  Because we find such interest to be excessive within the meaning of section 6404(a), we hold that respondent's failure to abate the unpaid portion of such interest is an abuse of discretion.

Interest That Accrued Subsequent to June 30, 1998

As of June 30, 1998, it was clear to petitioner that the January 15, 1997, payment did not extinguish its then-outstanding employment tax liability for the fourth quarter of 1993.  The interest that accrued after June 30, 1998, is a result of petitioner's decision not to pay that liability, rather than respondent's erroneous advice.  There is no evidence to establish that during this period the interest was excessive, assessed beyond the period of limitations, erroneous, or illegal.  Accordingly, respondent's failure to abate interest that accrued subsequent to June 30, 1998, is not an abuse of discretion.

To reflect the foregoing,

An appropriate decision

will be entered.