Filed 1/30/23 Kaufman v. Franchise Tax Board CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ALAN J. KAUFMAN et al., <br><br> Plaintiffs and Appellants, <br> v. <br> FRANCHISE TAX BOARD, <br><br> Defendant and Respondent. | A163132 <br><br> (City & County of San Francisco Super. Ct. No. CGC-20-588412) |

Plaintiffs appeal a judgment of dismissal entered after the trial court sustained Franchise Tax Board's (FTB) demurrer to plaintiffs' complaint without leave to amend. We agree with the trial court that plaintiffs' complaint failed to state a claim as a matter of law, and we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs alleged a single cause of action seeking a refund of interest they paid on a state income tax deficiency for the taxable years ending December 31, 2002, December 31, 2003, and December 31, 2004 (Years at Issue). The complaint alleged the IRS audited plaintiffs and their related entities for the Years at Issue. In 2014 and 2015, plaintiffs reached agreements with the IRS regarding their federal tax liability, and the IRS issued final federal determinations for the Years at Issue. The IRS suspended interest on plaintiffs' federal tax deficiency pursuant to Internal Revenue Code (IRC) section 6404(g) for the following periods: April 12, 2005,

1

to February 29, 2012 (for tax year 2002); October 4, 2005, to September 12, 2012 (for tax year 2003); and October 16, 2006, to March 30, 2011 (for tax year 2004).

The IRS communicated to the FTB that the IRS had reached agreements with plaintiffs for the Years at Issue. The FTB sent plaintiffs notices of proposed assessments (NPA) for the Years at Issue, assessing additional tax, interest, and penalties resulting from the federal adjustments. Due to the IRS's delays in issuing notices to plaintiffs, the FTB's NPA's included substantial interest. Plaintiffs paid FTB approximately $770,000 in satisfaction of their adjusted California tax obligations for the Years at Issue and subsequently filed a claim for refund of the payments.[1] FTB disputed the claim.

Plaintiffs' single cause of action asserts that the interest plaintiffs paid to FTB must be abated under Revenue and Taxation Code section 19104, subdivision (a)(3).[2] FTB demurred on the grounds that section 19104, subdivision (a)(3) does not authorize abatement of interest when the IRS suspends interest under IRC section 6404(g). The trial court sustained the FTB's demurrer without leave to amend, finding that under the plain language of Revenue and Taxation Code section 19104, subdivision (a)(3), the FTB's discretion to abate interest accruing from a federal deficiency applies only when the IRS has abated interest under IRC section 6404(e), and that here, plaintiffs allege the IRS suspended interest under IRC section 6404(g).

---

[1] Plaintiffs' complaint alleges they "filed a claim for refund for the payments made," and it does not specify what portion of their total payments to the FTB was attributable to assessed interest. However, their complaint seeks a refund of interest only.

[2] All statutory references are to the Revenue and Taxation Code unless otherwise stated.

Accordingly, the trial court found the plaintiffs cannot state a claim under Revenue and Taxation Code section 19104, subdivision (a)(3).

## DISCUSSION

### I.    *Standard of Review*

On an appeal from a judgment of dismissal after a demurrer is sustained without leave to amend, we first review the complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory.  (*San Francisco Unified School Dist. ex rel. Contreras v. Laidlaw Transit, Inc.* (2010) 182 Cal.App.4th 438, 444–445.)  We treat the demurrer as admitting all material facts properly pleaded but not contentions, deductions or conclusions of fact or law.  (*Id.* at p. 445.)  Next, we determine whether the trial court abused its discretion by sustaining the demurrer without leave to amend.  (*Morris v. JPMorgan Chase Bank, N.A.* (2022) 78 Cal.App.5th 279, 292.)  To establish an abuse of discretion, plaintiffs must show that there is a reasonable possibility they could cure the defect by amending the complaint.  (*Ibid.*)

### II.    *Statutory Framework*

Under California law, interest accrues on unpaid or underpaid personal income tax from the date when payment of tax is due to the date that it is paid in full.  (§ 19101.)  Section 19104, subdivision (a) provides relief from interest payments in certain situations.  At issue here is section 19104, subdivision (a)(3), which provides that the FTB may abate "all or any part" of "[a]ny interest accruing from a deficiency based on a final federal determination of tax, for the same period that interest was abated on the related federal deficiency amount under Section 6404 (e) of the Internal Revenue Code, and the error or delay occurred on or before the issuance of the final federal determination.  This subparagraph shall apply to any

3

ministerial act for which the interest accrued after September 25, 1987, or for any managerial act applicable to a taxable year beginning on or after January 1, 1998, for which the Franchise Tax Board may propose an assessment or allow a claim for refund."

IRC section 6404 (e) allows the IRS to abate an assessment of interest on "any deficiency attributable in whole or in part to any unreasonable error or delay by an officer or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial or managerial act . . . ." (Int.Rev. Code, § 6404(e)(1)(A).) It further states that the IRS "may abate the assessment of all or any part of such interest for any period" and that "an error or delay shall be taken into account only if no significant aspect of such error or delay can be attributed to the taxpayer involved, and after the [IRS] has contacted the taxpayer in writing with respect to such deficiency or payment." (Int.Rev. Code, § 6404(e)(1).)

IRC section 6404 (g) provides for a suspension of interest "if the Secretary [of the Department of the Treasury] does not provide notice to the taxpayer specifically stating the taxpayer's liability and the basis for the liability before the close of the 36-month period beginning on the later of (i) the date on which the return is filed; or (ii) the due date of the return without regard to extensions . . . ." (Int.Rev. Code, § 6404(g)(1)(A).) IRC section 6404(g) applies only to timely filed returns (*ibid.*), and barring any applicable exceptions (Int.Rev. Code, § 6404(g)(2)), the secretary "shall suspend the imposition of any interest"[3] allocable to the "suspension period." (Int.Rev. Code, § 6404(g)(1)(A).) The "suspension period" is defined as the

---

[3] IRC section 6404(g) also applies to any "penalty, addition to tax, or additional amount" computed based on the period of time the failure continues to exist and which is allocable to the suspension period. (Int.Rev. Code, § 6404(g)(1).)

period beginning on "the day after the close of the 36-month period" and ending "21 days after the date" the secretary provides notice to the taxpayer specifying the taxpayer's liability. (Int.Rev. Code, § 6404(g)(3).)

### III. *Revenue and Taxation Code section 19104 does not apply where the IRS suspended interest under IRC section 6404(g).*

Plaintiffs' complaint alleges they are entitled to a refund because "interest paid by Plaintiffs must be abated pursuant to Rev. & Tax. Code § 19104(a)(3)."[4] They argue that although the IRS suspended interest under IRC section 6404(g), rather than under IRC section 6404(e), Revenue and Taxation Code section 19104, subdivision (a)(3) nonetheless applies to them because "IRC § 6404(g) . . . is a specific application of IRC § 6404(e) where the delay is presumed to be unreasonable, and a reference in the tax statutes to subsection (e) encompasses subsection (g)."

The plain language of IRC sections 6404(e) and 6404(g) demonstrates that they apply under different circumstances. IRC section 6404(e) gives the IRS discretion to abate "all or any part of such interest" assessed on a deficiency attributable to "any unreasonable error or delay by an officer of employee of the [IRS] . . . in performing a ministerial or managerial act . . . ." (Int.Rev. Code, § 6404 (e)(1).) The "mere passage of time . . . does not establish error or delay in performing a ministerial or managerial act." (*Ibrahim v. Commissioner of Internal Revenue* (T.C. Mem. Dec. 2011-215) p. 6, citing *Lee v. Commissioner of Internal Revenue* (1999) 113 T.C. 145, 150–

---

[4] The parties dispute whether Revenue and Taxation Code section 19104, subdivision (a)(3) requires, rather than simply permits, the FTB to abate interest for the same period that federal interest was abated under IRC section 6404(e). We need not reach this issue. We find that Revenue and Taxation Code section 19104, subdivision (a)(3)'s application, whether mandated or discretionary, is limited to situations where federal interest is abated under IRC section 6404(e).

151.)[5] IRC section 6404(e) applies only to unreasonable errors or delays occurring *after the IRS has initially contacted* the taxpayer in writing regarding the deficiency or payment. (Int.Rev. Code, § 6404 (e)(1); *Krugman v. Commissioner of Internal Revenue* (1999) 112 T.C. 230, 239 [finding petitioner not entitled to relief under Int.Rev. Code, § 6404(e) for period from tax return due date to date IRS issued first notice to petitioner that he owed additional tax].) Further, IRC section 6404(e) only applies where "no significant aspect of such error or delay can be attributed to the taxpayer . . . ." (Int.Rev. Code, § 6404(e)(1).)

In contrast, under IRC section 6404(g), the IRS is required to suspend interest for a specified period when it does not provide notice to the taxpayer of the taxpayer's liability within 36 months of the date the return is filed or due. (Int.Rev. Code, § 6404(g)(1).) The suspension period begins 36 months after the return is filed or due and continues until 21 days after the IRS provides written notice to the taxpayer of the taxpayer's liability. (Int.Rev. Code, § 6404(g)(3).) Thus, unlike IRC section 6404(e), the suspension period addressed by IRC section 6404(g) includes a period *before* the IRS provides written notice to the taxpayer. Further, the specific mandatory suspension

---

[5] Plaintiffs contend the trial court erred by citing *Ibrahim v. Commissioner of Internal Revenue, supra*, T.C. Mem. Dec. 2011-215, for the proposition that "[t]he mere passage of time . . . does not establish error or delay in performing a ministerial . . . act" because this statement in *Ibrahim* was a partial quote from *Lee v. Commissioner of Internal Revenue, supra*, 113 T.C. 145. The full quote in *Lee* states: "The mere passage of time *in the litigation phase* of a tax dispute does not establish error or delay by the Commissioner in performing a ministerial act." (*Id.* at p. 150, italics added.) We find plaintiffs' point inconsequential. Whether or not the unreasonable delay occurred during "litigation," both *Ibrahim* and *Lee* explain that passage of time alone does not constitute an unreasonable error or delay in performing a ministerial or managerial act.

6

period under IRC section 6404(g) applies without regard to whether the taxpayer may have contributed to the IRS's delay in initially contacting the taxpayer. (*Ibid.*) While both sections provide relief from interest on tax deficiencies, they are not the same.

The California statute under which plaintiffs seek relief from the FTB is Revenue and Taxation Code section 19104, subdivision (a)(3), and it only references IRC section 6404(e). Plaintiffs admit they did not receive relief from interest under IRC section 6404(e). Accordingly, as a matter of law, they are not entitled to relief under Revenue and Taxation Code section 19104, subdivision (a)(3). Plaintiffs attempt to avoid the plain language of section 19104, subdivision (a)(3) by arguing that IRC section 6404(g) "is a specific application of IRC § 6404(e) where the delay is presumed to be unreasonable . . . ." Plaintiffs' argument ignores the plain language of each IRC section and of Revenue and Taxation Code section 19104, subdivision (a)(3), and is unsupported by the only authority they cite.

Plaintiffs rely on *Corbalis v. Commissioner of Internal Revenue* (2014) 142 T.C. 46 (*Corbalis*), claiming it "recognized [the] relationship between IRC § 6404(g) and IRC § 6404(e)," though they admit *Corbalis* does not address the same issue raised in this lawsuit. In *Corbalis*, the tax court determined that it had jurisdiction to review the IRS's denial of interest suspension under IRC section 6404 (g). (*Corbalis*, at pp. 46, 59.) IRC section 6404(h) provides for judicial review by the tax court "to determine whether the Secretary's failure to abate interest under this section was an abuse of discretion . . . ." The commissioner argued that IRC section 6404(h) only permits judicial review of denials of abatement of interest under IRC section 6404(e) and not denials of suspension of interest under IRC section 6404(g). The court explained that suspension of interest is a category of abatement

7

and found that interest suspension and interest abatement should not be treated separately "for purposes of judicial review." (*Corbalis*, at p. 55.)

Contrary to plaintiffs' argument, we read *Corbalis* as recognizing the differences between IRC sections 6404(e) and 6404(g). *Corbalis* states that IRC section 6404(g) provides specific guidelines for suspension of interest. (*Corbalis, supra*, 142 T.C. at p. 57.) It further acknowledges the distinction between the two sections when it discusses the issue of whether there had been a final determination regarding the IRS's suspension decision. The court found that although further proceedings were anticipated "with respect to the claim for abatement under section 6404(e) for unreasonable errors and delays by the IRS, the claim based on section 6404(g) is severable to the extent it relies only on the periods established for the IRS to contact the taxpayer with regard to tax liability." (*Id.* at p. 58.) We find that *Corbalis* does not support plaintiffs' contention that IRC section 6404(g) is a specific application of abatement under IRC section 6404(e) such that Revenue and Taxation Code section 19104, subdivision (a)(3)'s reference to IRC section 6404(e) encompasses IRC section 6404(g).

We also find no merit to plaintiffs' argument that the FTB's interpretation of the relevant statutes leads to absurd results. Plaintiffs describe IRC section 6404(g) as a "taxpayer-favorable provision" and argue that it is absurd for the FTB to give a taxpayer interest relief only where the IRS has provided relief under IRC section 6404(e) rather than under IRC section 6404(g). However, their argument ignores the plain language of IRC sections 6404(e) and 6404(g), which by their terms apply in different circumstances, as well as the plain language of Revenue and Taxation Code section 19104, subdivision (a)(3), which only allows for abatement of "[a]ny interest accruing from a deficiency based on a final determination of tax, for

8

the same period that interest was abated on the related federal deficiency amount under Section 6404(e) of the Internal Revenue Code . . . ." Accepting plaintiffs' argument would require us to rewrite Revenue and Taxation Code section 19104, subdivision (a)(3) to add words that do not appear in the statute, i.e., "or suspended under Section 6404(g)." This is not the court's role. As the trial court correctly stated: "It is a 'cardinal rule of statutory construction that courts must not add provisions to statutes. This rule has been codified in California as Code of Civil Procedure section 1858, which provides that a court must not insert what has been omitted from a statute.' (*People v. Guzman* (2005) 35 Cal.4th 577, 587 (citations omitted).)" We cannot ignore the differences in the plain language of IRC sections 6404(e) and 6404(g) or the Legislature's clear statement that the FTB may abate an assessment of interest when the IRS has done so under IRC section 6404(e). (Rev. & Tax. Code, § 19104, subd. (a)(3).)

Plaintiffs have not persuaded us that there is a latent ambiguity in section 19104, subdivision (a)(3). We find the relevant statutes clear and unambiguous and therefore deny plaintiffs' request to take judicial notice of the legislative history. (*Diamond Multimedia Systems, Inc. v. Superior Court* (1999) 19 Cal.4th 1036, 1055 ["Only when the language of a statute is susceptible to more than one reasonable construction is it appropriate to turn to extrinsic aids, including the legislative history of the measure, to ascertain its meaning"].)

## IV.  *Denial of leave to amend was not an abuse of discretion.*

Plaintiffs contend the trial court abused its discretion when it denied them leave to amend their complaint. They argue they should be granted leave to amend to state that "absent IRC § 6404(g)," the IRS "would have" granted plaintiffs relief under IRC section 6404(e). We find no abuse of

discretion because plaintiffs' proposed amendment would still fail to state a cause of action. Revenue and Taxation Code section 19104, subdivision (a)(3) allows for abatement of interest "for the same period that interest *was* abated on the related federal deficiency amount under Section 6404(e) of the Internal Revenue Code." (Italics added.) Plaintiffs' proposed amendment imagines an alternative legislative landscape where IRC section 6404(g) does not exist and where the IRS "would have" taken a different action. Revenue and Taxation Code section 19104, subdivision (a)(3) does not apply under these imagined circumstances. Accordingly, plaintiffs fail to demonstrate a reasonable possibility that they could cure the defect by amending the complaint. (*Morris v. JPMorgan Chase Bank, N.A., supra*, 78 Cal.App.5th at p. 292.)

## DISPOSITION

The judgment is affirmed. Respondent is awarded its costs on appeal.

_____
Jackson, P. J.

WE CONCUR:

_____
Simons, J.

_____
Wiseman, J.[*]

A163132/*Kaufman v. Franchise Tax Bd.*

---

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10