T.C. Memo. 2001-227

UNITED STATES TAX COURT

NINA H. PETTYJOHN, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2264-00.                    Filed August 16, 2001.

Nina H. Pettyjohn, pro se.

<u>John W. Sheffield III</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial

Judge Robert N. Armen, Jr., pursuant to the provisions of section

7443A(b)(5) and Rules 180, 181, and 183.[1]  The Court agrees with

---

[1]  Unless otherwise indicated, all section references are
to the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

and adopts the opinion of the Special Trial Judge, which is set forth below.

## OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge:  On August 25, 1999, respondent issued a notice of final determination denying petitioner's claim for abatement of interest for the taxable years 1993, 1994, and 1995.[2]  Petitioner timely filed a petition under section 6404(i) and Rules 280-284.[3]

The issue for decision is whether respondent abused his discretion by denying petitioner's claim for abatement of interest for the taxable years 1993, 1994, and 1995.  We hold that respondent did not abuse his discretion.

## FINDINGS OF FACT

Many of the facts have been stipulated, and they are so found.  Petitioner resided in Marietta, Georgia, at the time that

---

[2]  Although the Aug. 25, 1999, notice of final determination purports to completely deny petitioner's claim for abatement of interest for all 3 taxable years, respondent had previously agreed to abate interest (and did, in fact, do so) for the taxable year 1993 for the period from Aug. 22, 1996, to July 7, 1997.  This matter is discussed infra in subdivision E of our Findings of Fact.

[3]  Sec. 6404(i) was originally enacted as sec. 6404(g) by the Taxpayer Bill of Rights 2 (TBOR 2), Pub. L. 104-168, sec. 302, 110 Stat. 1452, 1457-1458 (1996).  Sec. 6404(g) was redesignated sec. 6404(i) by the Internal Revenue Service Restructuring & Reform Act of 1998, Pub. L. 105-206, secs. 3505(a), 3309(a), 112 Stat. 685, 743, 745 (1998).  However, Tit. XXVII of the Tax Court Rules of Practice and Procedure, dealing with actions for review of failure to abate interest, continues to reflect the original statutory designation.

her petition was filed with this Court.

At the outset, we note that the record in this case leaves much to be desired. Nevertheless, we have carefully reviewed the evidence and done our best to make an appropriate disposition of the case.

## A. Petitioner's Practice of Deducting Gifts to Family Members

On her income tax returns for 1988 through 1995, petitioner deducted gifts that she made to various individuals, most if not all of whom were family members. These deductions served to reduce petitioner's taxable income and generate tax refunds for those years.

Petitioner admits that her practice of deducting gifts to family members on her income tax returns was contrary to law. See sec. 170(c). Petitioner professes that she was motivated to do so by the desire to reduce the estate tax upon her death, see sec. 2001(a), and through a misunderstanding of the $10,000 annual exclusion for gift tax purposes, see sec. 2503(b).[4]

Petitioner reckons that her practice of deducting gifts to family members on her income tax returns generated erroneous income tax refunds for 1988 through 1992 in the following amounts:

---

[4] For gift tax purposes, sec. 2503(b) allows a donor to exclude from taxable gifts the first $10,000 of gifts of present interests made to each donee during the taxable year.

| Year | Erroneous Refund[1] |
|------|---------------------|
| 1988 | $1,900 |
| 1989 | 4,600 |
| 1990 | 4,900 |
| 1991 | 5,400 |
| 1992 | 6,500 |
|      | 23,300 |

[1]Rounded to the nearest $100.

Respondent never examined any of petitioner's income tax returns for 1988 through 1992.[5]  However, in 1996, respondent commenced examinations of petitioner's income tax returns for 1993 through 1995.

B.  The Taxable Year 1993

    1.  Petitioner's 1993 Tax Return and Notice of Deficiency

    Petitioner timely filed a Federal income tax return for 1993.  See sec. 6072(a).

    In or about July 1996, petitioner was notified in writing of the examination of her 1993 income tax return through the receipt of an examination report dated July 19, 1996.  The examination report proposed, inter alia, to disallow the deduction petitioner claimed for gifts to family members of $16,539.

    On or about August 18, 1996, petitioner mailed a letter to

---

[5]  Petitioner admits that she was "well rewarded" through the receipt of refunds for the taxable years 1988 through 1992 for which there was no basis in law and the recovery of which by respondent is barred by the statute of limitations on assessment. See sec. 6501.

respondent's Atlanta Service Center, together with a personal check in the amount of $1,500, agreeing with the examination report insofar as the disallowance of the deduction for gifts to family members was concerned. Petitioner's letter and check were received by the Service Center on August 22, 1996. However, the letter was apparently not forwarded to the examining agent. Consequently, on September 19, 1996, respondent sent petitioner a notice of deficiency which was substantively identical to the examination report.

On September 30, 1996, petitioner timely filed an imperfect petition for redetermination (assigned docket No. 21486-96) with this Court. See sec. 6213(a); Rule 34. On December 2, 1996, petitioner perfected her petition by filing a proper amended petition. Upon the filing of respondent's answer on March 28, 1997, the case was at issue. See Rule 38.

2.  The Stipulated Decision

By letter dated June 10, 1997, respondent's Appeals Office in Atlanta, Georgia, mailed a proposed stipulated decision to petitioner. The proposed stipulated decision reflected a deficiency in petitioner's income tax for 1993 of $2,115 based solely on the disallowance of the deduction for gifts to family members.[6]

---

[6]  Respondent conceded all other substantive adjustments made in the Sept. 19, 1996, notice of deficiency.

Initially, petitioner refused to execute the proposed stipulated decision, even though she accepted the $2,115 deficiency, because "The IRS tax-examiners are at fault."

> Since the IRS tax-examiners are responsible for allowing the gift-giving for a total of eight years [petitioner wrote], compound interest should be waived * * * . A deficiency occurred because of complete and total failure of their job performance. They were responsible, through their determination, for eight years of erroneous refund checks.

Ultimately, however, on October 14, 1997, petitioner executed the proposed stipulated decision, which was entered by the Court on November 17, 1997. See sec. 7459(a), (c).

The stipulated decision included a number of stipulations by the parties, among them the following:

> It is further stipulated that there is a prepayment credit for the taxable year 1993 in the amount of $1,500. It is stipulated that the deficiency for the taxable year 1993 is computed without considering the prepayment credit of $1,500.
>
> *       *       *       *       *       *       *
>
> It is further stipulated that interest will be assessed as provided by law on the deficiency in tax due from petitioner.

On February 9, 1998, respondent assessed the $2,115 deficiency in income tax, together with interest of $602.67. On that same date, respondent also sent petitioner a notice of balance due.

3. <u>Payment of Petitioner's Account Balance</u>

As of February 9, 1998, petitioner's account balance was $1,217.67, calculated as follows:

| Date | Event | Amount |
|------|-------|--------|
| Aug. 22, 1996 | Advance payment | ($1,500.00) |
| Feb. 9, 1998 | Assessment/tax | 2,115.00 |
| Feb. 9, 1998 | Assessment/interest | <u>602.67</u> |
| | | <u>1,217.67</u> |

By October 13, 1999, petitioner's account was fully paid through:  (1) The application of overpayments of income tax claimed by petitioner on her 1997 and 1998 income tax returns, see sec. 6402(a); (2) subsequent payments by petitioner; and (3) the abatement of interest, described <u>infra</u> in subdivision E of our Findings of Fact.

4. <u>Petitioner's Claim for Abatement of Interest</u>

Using Form 843, petitioner filed with respondent on or about July 27, 1998, a Claim for Refund and Request for Abatement.  In her claim, petitioner requested that interest on her 1993 deficiency in income tax be abated or refunded because of "IRS errors or delay", specifically, IRS tax examiners' "failure in job performance".

See <u>infra</u> subdivision E of our Findings of Fact regarding action by respondent on petitioner's claim for abatement of interest.

C.   The Taxable Year 1994

    1. Petitioner's 1994 Tax Return and Examination Report

    Petitioner timely filed a Federal income tax return for 1994.  See sec. 6072(a).

    On or about August 9, 1996, petitioner was notified of the examination of her 1994 income tax return.  Notification of the examination apparently prompted petitioner to make an advance payment of $500, which was posted to petitioner's account on September 19, 1996.

    By an examination report dated October 1, 1996, respondent proposed a deficiency in petitioner's income tax of $3,966, which was principally attributable to the disallowance of gifts to family members of $21,815.  Petitioner agreed to the proposed deficiency.  Accordingly, on October 28, 1996, respondent assessed a $3,966 deficiency in income tax, together with interest of $509.86.  On that same date, respondent also sent petitioner a notice of balance due of $3,975.86 (i.e., deficiency of $3,966, plus interest of $509.86, less advance payment of $500).

    2.  Payment of Petitioner's Account Balance

    As indicated, petitioner's account balance as of October 28, 1996, was $3,975.86.  By April 3, 1997, petitioner's account was fully paid through:  (1) A subsequent payment by petitioner; and

(2) a levy on petitioner's account at the Lockheed Credit Union.[7]

### 3. Petitioner's Claim for Abatement of Interest

Using Form 843, petitioner filed with respondent on or about September 4, 1998, a Claim for Refund and Request for Abatement. In her claim, petitioner requested that interest on her 1994 deficiency in income tax be abated or refunded because of "IRS errors or delay".

See infra subdivision E of our Findings of Fact regarding action by respondent on petitioner's claim for abatement of interest.

## D. The Taxable Year 1995

### 1. Petitioner's 1995 Tax Return and Notice of Deficiency

Petitioner timely filed a Federal income tax return for 1995. See sec. 6072(a).

In or about October 1996, petitioner was notified in writing of the examination of her 1995 income tax return through the receipt of an examination report dated October 4, 1996. The examination report proposed a deficiency in income tax of $9,698. The proposed deficiency was principally attributable to the disallowance of the deduction claimed by petitioner for gifts to family members of $37,510.

---

[7] A credit balance in petitioner's account with respondent, which was attributable to an excess of proceeds received through the levy, was refunded to petitioner on Apr. 28, 1997.

On December 23, 1996, respondent sent petitioner a notice of deficiency which was substantively identical to the examination report. Petitioner did not timely file a petition with this Court. See sec. 6213(a). Rather, petitioner paid the deficiency in tax, but not the interest thereon. Thus, on March 27, 1997, a payment of $9,698 was posted to petitioner's account.

On May 26, 1997, respondent assessed the $9,698 deficiency in income tax, together with interest of $802.12. See secs. 6213(a), 6503(a)(1). On that same date, respondent also sent petitioner a notice of balance due regarding the unpaid interest.

2.  Payment of Petitioner's Account Balance

As of May 26, 1997, petitioner's account balance was $802.12, calculated as follows:

| Date | Event | Amount |
|------|-------|--------|
| Mar. 27, 1997 | Advance payment | ($9,698.00) |
| May 26, 1997 | Assessment/tax | 9,698.00 |
| May 26, 1997 | Assessment/interest | 802.12 |
| | | 802.12 |

By April 15, 2000, petitioner's account was fully paid through: (1) A levy on a Georgia State income tax refund that was due petitioner; and (2) the application of part of an overpayment of income tax claimed by petitioner on her 1999 Federal income tax return. See sec. 6402(a).

3.  Petitioner's Claim for Abatement of Interest

Using Form 843, petitioner filed with respondent on or about

July 27, 1998, a Claim for Refund and Request for Abatement.  In

her claim, petitioner requested that interest on her 1995

deficiency in income tax be abated or refunded because of "IRS

errors or delay".  In this regard, petitioner recited in her

claim:

> Job failure by IRS strips taxpayer of their rights.
> Abatement of interest should be easy.

See infra subdivision E of our Findings of Fact regarding

action by respondent on petitioner's claim for abatement of

interest.

E.  Action by Respondent on Petitioner's Claims for Abatement

By letter dated October 27, 1998, which referenced the

taxable years 1993, 1994, and 1995, respondent's Problem

Resolution Office in the Atlanta Service Center advised

petitioner, in part, as follows:

> We reviewed each one of your claims for abatement
> of interest under the provisions of Internal Revenue
> Code Section 6404(e)(1) & (2).  For 1993 we have
> partially allowed your claim for $89.63 in interest.
>
> For 1994 and 1995, it has been determined that
> there were no errors or delays relating to ministerial
> acts performed during the audits of these two tax
> years.  We have therefore, issued a certified
> disallowance letter for both years.  You may appeal the
> decision to disallow these claims for 1994 and 1995.
> You may also appeal the partial disallowance of your
> claim for 1993.

By certified letter also dated October 27, 1998, which

referenced just the taxable year 1993, the director of

respondent's Atlanta Service Center advised petitioner of

respondent's intention to abate interest on petitioner's $2,115

deficiency in income tax for 1993 for the period from August 22,

1996, to July 7, 1997.  The letter stated, in part, as follows:

> After an extensive review of your file, we have
> determined that the provisions of the Internal Revenue
> Code Section 6404(e)(1) apply to the following time
> period and amount:

> Period: August 22, 1996 to July 7, 1997  Amount: $89.63

> The reason for the allowance of this amount is that
> there was a ministerial delay in associating your reply
> to the original 30-day letter with the case file.  The
> reply was received in the Atlanta Service Center on
> August 22, 1996.  No action had been taken in regards
> to this information until the Appeals Officer presented
> you with a settlement on July 7, 1997.  We have
> therefore abated the accrual of interest on the balance
> of tax owed after your payment of $1,500.00 (received
> on August 22, 1996) was applied.  Your balance of
> $615.00 had interest accruals totaling $89.63 for this
> time period.

>     *        *        *        *        *        *        *

> * * * The interest abatement only applies to the period
> shown above.

> If your claim has not been allowed in full for the time
> period and amount requested, you may request reconsideration
> with our Appeals Office.

> Interest will continue to be charged on any unpaid
> liability, except for the above abatement period.

Subsequently, respondent abated $89.63 of interest on

petitioner's deficiency in income tax for 1993.

By a second certified letter also dated October 27, 1998,

which referenced just the taxable years 1994 and 1995, the
director of respondent's Atlanta Service Center advised
petitioner of respondent's intention not to abate interest on the
deficiencies in income taxes for those 2 years because "There
were no delays or errors relating to the performance of [a]
ministerial act".  The letter also stated, in part, as follows:

> Under Internal Revenue Code Section 6404(e)(1),
> interest may only be abated on errors or delays that
> occur after the date the Internal Revenue Service
> contacts the taxpayer in writing with respect to the
> deficiency or payment.  The amount accrued prior to
> this date cannot be abated regardless of the period
> that may have elapsed since the taxpayer's return was
> filed.  Your requests for abatement of interest were
> based on acts that happened prior to the Internal
> Revenue Service's contacts with you in respect to the
> deficiencies of 1994 and 1995 tax years.

> Filing your 1988 through 1995 tax returns without
> an audit being performed to alert you that the "gift
> giving" deduction should not be allowed happened prior
> to the Internal Revenue Service's contacts with you in
> regards to the deficiencies.  Therefore, this time
> period does not qualify for abatement of interest under
> Internal Revenue Code Section 6404(e)(1).

> There were also no erroneous refunds, which were
> issued to you due to errors or oversights by the
> Internal Revenue Service.  Under Internal Revenue Code
> Section 6404(e)(2), interest may be abated with respect
> to a erroneous refund check.  The Secretary shall abate
> the assessment of all interest on any erroneous refund
> until the date demand for repayment is made, unless (1)
> the taxpayer (or related party) has in any way caused
> such erroneous refund or (2) such erroneous refund
> exceeds $50,000.

> In reviewing your claim for abatement of interest
> under the "erroneous refund" provisions, it has been
> determined that all refunds issued to you were based on
> the original filing of your individual Form 1040 for
> each tax year.  Your contention that the Tax Examiners
> should have noticed and not allowed the tax free gift-

giving on your returns during processing could not be
did [sic] within the authority of the Internal Revenue
Code.

Only mathematical or clerical errors are corrected
during the processing of returns in accordance with
Internal Revenue Code section 6213(b). * * *

All other assessments of tax must be made by using
deficiency procedures which allow a taxpayer to
exercise his/her appeal rights in cases where the
taxpayer does not agree.  Therefore, tax issues that
require any proof or documentation to be presented by
the taxpayer may not be corrected during processing.

* * * * * * *

If you do not accept our findings, you may request
reconsideration with our Appeals Office.

Interest will continue to accrue on any unpaid
liability.

Petitioner exercised her administrative appeal rights.

Thereafter, by letter dated August 4, 1999, an Appeals officer in

respondent's Atlanta Appeals Office advised petitioner that

"Based upon a thorough review of your case my preliminary

evaluation is that no additional interest abatement is

appropriate."  The Appeals officer further wrote:

Your position is that you should not be liable for
interest for the reason that IRS did not challenge your
erroneous deductions for unsupportable charitable
contributions for a number of years prior to the years
for which you were audited.  I regret that this does
not fall within the interest abatement provisions of
the Internal Revenue Code.

Petitioner was given 15 days from the date of the letter to

provide additional information for further consideration.  The record does not reflect that petitioner submitted any additional information.

Subsequently, by certified letter dated August 25, 1999, respondent issued a notice of final determination denying petitioner's claims for the abatement of interest for the taxable years 1993, 1994, and 1995.

F.  Tax Court Litigation

On February 23, 2000, petitioner commenced an action in this Court by filing a petition, pursuant to section 6404(i) and Rules 280-284, for review of respondent's failure to abate interest with respect to the taxable years 1993, 1994, and 1995.[8] Thereafter, on April 13, 2000, petitioner filed an amended petition, alleging, inter alia, that "My claim is failure (error) and delay in the audits of 1993, 1994 and 1995".

---

[8] In pertinent part, sec. 6404(i) provides that

> The Tax Court shall have jurisdiction over any action brought by a taxpayer who meets the requirements referred to in section 7430(c)(4)(A)(ii) to determine whether the Secretary's failure to abate interest under this section was an abuse of discretion, and may order an abatement, if such action is brought within 180 days after the date of the mailing of the Secretary's final determination not to abate such interest.

Petitioner meets the net worth requirements of sec. 7430(c)(4)(A)(ii), and her action was timely commenced.  See sec. 7502(a).

OPINION

In general, interest on a deficiency in income tax begins to accrue on the due date of the return for such tax and continues to accrue, compounding daily, until payment is made. See secs. 6001(a), 6622(a).

This Court may order an abatement of interest only if there is an abuse of discretion by the Commissioner in failing to abate interest. Sec. 6404(i), formerly 6404(g). In order to demonstrate an abuse of discretion, a taxpayer must prove that the Commissioner exercised his discretion arbitrarily, capriciously, or without sound basis in fact or law. See Rule 142(a); Lee v. Commissioner, 113 T.C. 145, 149 (1999); Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

The Commissioner has the authority to abate, in whole or in part, an assessment of interest on a deficiency if the accrual of such interest is attributable to an error or delay by an officer or employee of the Internal Revenue Service (IRS), acting in his or her official capacity, in performing a ministerial act. See sec. 6404(e)(1).[9] An error or delay by the Commissioner can be taken into account only: (1) If it occurs after the Commissioner

---

[9] Sec. 6404(e) was amended in 1996 by TBOR 2 sec. 301, 110 Stat. 1457, to permit the Commissioner to abate interest with respect to an "unreasonable" error or delay resulting from "managerial" or ministerial acts. The amendment applies to interest accruing with respect to deficiencies for taxable years beginning after July 30, 1996; accordingly, the amendment is inapplicable in the present case. See Woodral v. Commissioner, 112 T.C. 19, 25 n.8 (1999).

has contacted the taxpayer in writing with respect to the deficiency and (2) if no significant aspect of the error or delay is attributable to the taxpayer. See sec. 6404(e)(1); Krugman v. Commissioner, 112 T.C. 230, 239 (1999); Nerad v. Commissioner, T.C. Memo. 1999-376. Section 6404(e)(1) "does not therefore permit the abatement of interest for the period of time between the date the taxpayer files a return and the date the IRS commences an audit, regardless of the length of that time period." H. Rept. 99-426, at 844 (1985), 1986-3 C.B. (Vol. 2) 1, 844; S. Rept. 99-313, at 208 (1986), 1986-3 C.B. (Vol. 3) 1, 208.

Congress did not intend for section 6404(e) to be used routinely. Accordingly, we order abatement only "where failure to abate interest would be widely perceived as grossly unfair." Lee v. Commissioner, supra at 149; H. Rept. 99-426, supra at 844, 1986-3 C.B. (Vol. 2) at 844; S. Rept. 99-313, supra at 208, 1986-3 C.B. (Vol. 3) at 208.

As we understand her argument, petitioner contends that respondent's failure to examine her income tax returns for 1988 through 1992 caused her to claim the same type of deductions, for which there was no basis in law, on her income tax returns for 1993, 1994, and 1995. Accordingly, in petitioner's view, interest on the deficiencies in income taxes for 1993, 1994, and 1995 should be abated because that interest is attributable to

"errors or delay" on the part of respondent's tax examiners.[10]

In order for petitioner to prevail, there must be an error or delay in performing a ministerial act that is attributable to respondent.[11] A "ministerial act" does not involve the exercise of judgment or discretion. Sec. 301.6404-2T(b)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30163 (Aug. 13, 1987). Rather, a ministerial act means a procedural or mechanical act that occurs during the processing of a taxpayer's case after all prerequisites to the act, such as conferences and review by supervisors, have taken place. See id. Examples of ministerial acts are provided in the regulations. See sec. 301.6404-2T(b)(2), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30163 (Aug. 13, 1987). In contrast, a decision concerning the proper application of Federal tax law, or other applicable Federal or

---

[10] Sec. 6404(e) requires not only the identification of an error or delay caused by a ministerial act on the Commissioner's part, but also identification of a specific period of time over which interest should be abated as a result of that error or delay. See Donovan v. Commissioner, T.C. Memo. 2000-220. In the present case, petitioner has not focused on this correlation between the error or delay attributable to a ministerial act on respondent's part and a specific period of time; rather, petitioner is essentially requesting that all interest with respect to the deficiencies in income taxes for 1993, 1994, and 1995 be abated. In effect, petitioner is requesting an exemption from interest, rather than an abatement of interest. However, the scope of her request is beyond that contemplated by the statute. See id.

[11] Further, an abatement of interest "only applies to the period of time attributable to the failure to perform the ministerial act." H. Rept. 99-426, at 844 (1985), 1986-3 C.B. (Vol. 2) 1, 844; S. Rept. 99-313, at 208 (1986), 1986-3 C.B. (Vol. 3) 1, 208; see supra note 9.

State law, is not a ministerial act.  See sec. 301.6404-2T(b)(1), Temporary Proced. & Admin. Regs., <u>supra</u>.  The mere passage of time does not establish error or delay in performing a ministerial act.  <u>Scott v. Commissioner</u>, T.C. Memo. 2000-369; <u>Hawksley v. Commissioner</u>, T.C. Memo. 2000-354.

For purposes of section 6404(e), an error or delay cannot be considered, for each of the years in issue, for the period before the following operative date, because such date is the date on which respondent first contacted petitioner in writing concerning an audit procedure for the particular year in issue:

| Operative Date | Taxable Year |
|---|---|
| July 19, 1996[1] | 1993 |
| Aug. 9, 1996 | 1994 |
| Oct. 4, 1996[1] | 1995 |

[1]The July 19, 1996 and October 4, 1996 dates are the dates of the examination reports for the taxable years 1993 and 1995, respectively.

See sec. 6404(e)(1); <u>Krugman v. Commissioner</u>, <u>supra</u>; <u>Nerad v. Commissioner</u>, <u>supra</u>.

We turn now to petitioner's contention regarding why interest should be abated.

Petitioner contends that interest on the deficiencies in income taxes for 1993, 1994, and 1995 is attributable to "errors or delay" on respondent's part in failing to examine her income tax returns for 1988 through 1992 and alerting her to the fact that there was no basis in law for her deductions for gifts to family members.  However, it is readily apparent that

respondent's decision to examine, or not or examine, a taxpayer's income tax return for a particular taxable year involves the exercise of judgment and discretion. Respondent's decision in that regard is not, therefore, a ministerial act, see sec. 301.6404-2T(b)(1), Temporary Proced. & Admin. Regs., supra, and cannot provide a basis for abating interest under section 6404(e).

Section 301.6404-2T(b)(1), Temporary Proced. & Admin. Regs., supra, may very well provide a sufficient foundation on which to enter decision for respondent. Nevertheless, we will review the relevant facts and circumstances for each of the years in issue in order to decide whether there was an error or delay by respondent in performing a ministerial act after the operative date (as identified supra p. 19) that might justify an abatement of interest.

## A. The Taxable Year 1993

In or about July 1996, petitioner was notified in writing of the examination of her 1993 income tax return through the receipt of an examination report (the so-called 30-day letter) dated July 19, 1996. Petitioner responded to the examination report timely by mailing a letter, together with a $1,500 check, which the Atlanta Service Center received on August 22, 1996. However, because petitioner's letter was apparently not forwarded to the examining agent, respondent sent petitioner a notice of deficiency, which prompted petitioner to file a petition with

this Court.  It was not until the following summer that respondent's Appeals Office in Atlanta sent petitioner a proposed stipulated decision reflecting a deficiency based solely on the disallowance of the deduction for gifts to family members.

By a certified letter dated October 27, 1998, respondent exercised his discretion to abate interest for the period from August 22, 1996, to July 7, 1997, because of the "ministerial delay in associating your reply to the original 30-day letter with the case file."  However, any delay after July 7, 1997, was attributable to petitioner's unjustified refusal to sign the proposed stipulated decision until mid-October, which delayed entry of decision by the Court until mid-November.  See sec. 6404(e)(1) ("an error or delay shall be taken into account only if no significant aspect of such error or delay can be attributed to the taxpayer involved").  Notably, the Court's decision included a stipulation by the parties that interest would be assessed "as provided by law on the deficiency in tax due from petitioner."

In our view, the record does not reveal any ministerial error or delay by respondent, other than as conceded by respondent.  Accordingly, we hold that respondent did not abuse his discretion in refusing to abate interest for the period from July 19 to August 21, 1996, and for the period from July 8, 1997, to October 13, 1999, the date on which petitioner's account was fully paid.

B.  The Taxable Year 1994

On or about August 9, 1996, petitioner was notified of the examination of her 1994 income tax return.  Notification of the examination apparently prompted petitioner to make an advance payment of $500, which was posted to petitioner's account on September 19, 1996.  Shortly thereafter, by an examination report dated October 1, 1996, respondent proposed a deficiency in petitioner's income tax of $3,966, to which petitioner agreed.  On October 28, 1996, respondent assessed the deficiency and interest thereon.

In our view, the record does not reveal any ministerial error or delay by respondent.  Accordingly, we hold that respondent did not abuse his discretion in refusing to abate interest for the period from August 9, 1996, to April 3, 1997, the date on which petitioner's account was fully paid.

C.  The Taxable Year 1995

In or about October 1996, petitioner was notified in writing of the examination of her 1995 income tax return through the receipt of an examination report dated October 4, 1996.  Thereafter, on December 23, 1996, respondent sent petitioner a notice of deficiency, which was substantively identical to the examination report.[12]  Petitioner did not timely file a petition

---

[12]  In contrast to the sending of the notice of deficiency for 1993, there is nothing in the record to suggest that respondent erred in sending petitioner a notice of deficiency for
(continued...)

with this Court.  Rather, petitioner paid the deficiency in tax, but not the interest thereon.  Accordingly, on May 26, 1997, respondent assessed the deficiency, together with interest thereon, and sent petitioner a notice of balance due regarding the unpaid interest.

In our view, the record does not reveal any ministerial error or delay by respondent.  Any delay in the assessment of the deficiency is attributable to petitioner, who could have consented in writing to the assessment at an earlier stage in the process.  See sec. 6213(d).  Further, interest accruing after the date on which the deficiency was paid is due to petitioner's failure to pay the outstanding interest and not due to a ministerial act on respondent's part.  See Donovan v. Commissioner, T.C. Memo. 2000-220; see also sec. 6404(e)(1) ("an error or delay shall be taken into account only if no significant aspect of such error or delay can be attributed to the taxpayer involved").  Accordingly, we hold that respondent did not abuse his discretion in refusing to abate interest for the period from October 4, 1996, to April 15, 2000, the date on which petitioner's account was fully paid.

D.  Section 6404(e)(2)

Finally, although petitioner does not cite or expressly rely on section 6404(e)(2), we think it appropriate to comment on that

---

[12](...continued)
1995.

section.

Section 6404(e)(2) provides, in pertinent part, that the Commissioner:

> shall abate the assessment of all interest on any erroneous refund * * * until the date demand for repayment is made, unless--
>> (A) the taxpayer (or a related party) has in any way caused such erroneous refund * * *.

Petitioner contends that the refunds that she received for the taxable years 1988 through 1995 were erroneous.  What petitioner ignores, however, is that she precipitated the receipt of those refunds by filing income tax returns that claimed overpayments of income tax.  Petitioner would apparently have respondent examine every return that claims an overpayment before issuing a refund check.  Such an approach would be administratively impracticable, if not impossible.  In any event, the law does not require the Commissioner to take such an approach; rather, the law requires taxpayers to take responsibility for their returns, something petitioner appears loath to do.

E.  Conclusion

We hold that respondent did not abuse his discretion in refusing to abate interest on the deficiencies in income taxes for any of the years in issue.  Accordingly,

Decision will be entered

for respondent.