T.C. Memo. 2002-139

UNITED STATES TAX COURT

ROBERT L. STEWART, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12947-00.                    Filed May 31, 2002.

Robert L. Stewart, pro se.

<u>Catherine L. Campbell</u>, for respondent.

MEMORANDUM OPINION

RUWE, <u>Judge</u>:  This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction and to Strike Claim for Abatement of Additions to Tax.  Respondent's motion is based on the ground that petitioner, in addition to seeking abatement of interest, is seeking abatement of an

addition to tax under section 6651(a).[1]  Respondent contends that this Court lacks jurisdiction to consider petitioner's claim to abate an addition to tax.  Respondent is not seeking dismissal of the request for review of the failure to abate interest.

On June 22, 2000, respondent issued a notice of final determination partially allowing petitioner's request to abate interest on his 1990 Federal income tax liability.  Petitioner filed a petition to this Court under section 6404(i)[2] and Rules 280-284.  In the petition, petitioner alleged that the amount in dispute for 1990 was $4,656.86.[3]  Petitioner identified this amount as "Interest Billed (+ Any Accrued Interest)".  Petitioner disagreed with the amount of the partial allowance and stated that he believes he is entitled to an abatement of the full amount because he has paid all his taxes, including additions to tax.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code currently in effect, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Sec. 6404(i) was redesignated sec. 6404(h) by the Victims of Terrorism Tax Relief Act of 2001, Pub. L. 107-134, sec. 112(d)(1)(B), 115 Stat. 2427, 2434-2435.

[3]In his answer to the petition, respondent alleged that the $4,656.86 amount shown on the petition refers to interest and penalties accrued but unpaid on petitioner's 1990 Federal income tax liability as of Sept. 4, 2000.  Respondent alleged that $3,706.36 of this amount was attributable to interest, and the remaining $950.50 was attributable to a "failure to pay penalty".

In his motion to dismiss, respondent alleges that the current balance due from petitioner totals $3,355.17. Respondent claims $950.50 of this amount is the balance due on an addition to tax for 1990 imposed under section 6651(a). In his response to respondent's motion, petitioner does not dispute respondent's allegation that $950.50 is attributable to an addition to tax. Petitioner claims that he was advised that his only recourse in this matter was to file a petition in the Tax Court, and he asks the Court to allow him to address whether he is entitled to abatement of any penalties and additions to tax.

The Tax Court may exercise jurisdiction only to the extent authorized by Congress. Fernandez v. Commissioner, 114 T.C. 324, 328 (2000); Woodral v. Commissioner, 112 T.C. 19, 22 (1999). Section 6404(h) provides this Court with jurisdiction "to determine whether the Secretary's failure to abate interest under this section was an abuse of discretion". We have previously held that we do not have jurisdiction under section 6404 to review the Commissioner's failure to abate penalties and additions to tax. Krugman v. Commissioner, 112 T.C. 230, 237 (1999); Woodral v. Commissioner, supra at 21 n.4; Hawksley v. Commissioner, T.C. Memo. 2000-354 n.2; Gross v. Commissioner, T.C. Memo. 2000-44. Accordingly, we shall grant respondent's motion, and the portion of the petition that seeks abatement of

any penalties or additions to tax shall be stricken for lack of jurisdiction.  See <u>Woodral v. Commissioner</u>, <u>supra</u> at 21.

<u>An appropriate order will be issued granting respondent's motion</u>.