T.C. Memo. 2003-106

UNITED STATES TAX COURT

ROBERT L. STEWART, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12947-00.                    Filed April 17, 2003.

Robert L. Stewart, pro se.

<u>Catherine L. Campbell</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, <u>Judge</u>:  On June 22, 2000, respondent issued to petitioner a notice of final determination with respect to petitioner's claim to abate interest on his 1990 income tax deficiency under section 6404(e).  In the notice, respondent partially abated part of the interest and denied the balance of petitioner's claim.  Petitioner timely filed a petition under

section 6404(g)[1] and Rule 280. We decide whether respondent abused his discretion in failing to abate accrued interest in whole. We hold he did not. Section references are to the applicable versions of the Internal Revenue Code. Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulated facts and the exhibits submitted therewith are incorporated herein by this reference. Petitioner resided in Sunnyside, Washington, when he petitioned the Court.[2]

On October 17, 1991, petitioner filed his 1990 Federal income tax return. The tax return did not include in petitioner's gross income a brokerage fee and showed income tax due of $10,325. Petitioner's tax return was not accompanied by any payment.

---

[1] Sec. 6404(g) was redesignated sec. 6404(i) by the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, secs. 3305(a), 3309(a), 112 Stat. 743. Sec. 6404(i) was later redesignated sec. 6404(h) by the Victims of Terrorism Relief Act of 2001, Pub. L. 107-134, sec. 112(d)(1)(B), 115 Stat. 2435.

[2] In his petition petitioner disputes $4,656.86. This amount, however, consists of interest of $3,706.36 and of the addition to tax of $950.50 under sec. 6651(a). On April 18, 2002, respondent moved the Court to dismiss for lack of jurisdiction and to strike petitioner's claim for abatement of additions to tax. The Court granted respondent's motion. See Stewart v. Commissioner, T.C. Memo. 2002-139. Accordingly, we limit our discussion to the interest abatement claim.

On November 18, 1991, respondent assessed petitioner's tax liability for 1990 as shown on petitioner's tax return.  In addition, respondent assessed an addition to tax of $413 under section 6651(a) for failure to pay timely the tax due.

On April 19, 1993, respondent assessed additional income tax due from petitioner of $3,802 due to the inclusion of the brokerage fee.  Petitioner did not dispute that determination by respondent.

On October 28, 1993, petitioner filed a petition for Chapter 13 bankruptcy relief, which was subsequently converted to a Chapter 7 case.  Petitioner received a discharge on August 15, 1994, but for his 1990 income tax liability.

On August 14, 1995, respondent erroneously abated petitioner's income tax liability of $10,325.  Respondent also erroneously abated on the same date the addition to tax and interest for 1990. (As discussed below, respondent reassessed the amount of the addition to tax and interest on October 25, 1999.

Starting from January 15, 1996, respondent sent to petitioner 39 monthly statements which did not reflect any interest accrued against petitioner.  The first monthly statement showed petitioner's 1990 income tax deficiency as $3,802. Respondent concedes that those monthly statements were misleading because they did not include any accrued interest.

On January 26, 1996, petitioner made a first payment of $29 toward his 1990 income tax liability.

In March 1996, petitioner entered into an installment agreement to pay his 1990 income tax liability.[3]  The terms of this agreement required that petitioner make 39 payments of $72 toward his 1990 tax liability.  From March 29, 1996, to June 25, 1999, petitioner made 39 payments of $72.  In total, petitioner paid $3,823 toward his 1990 income tax liability.

On July 14, 1999, respondent sent to petitioner a monthly statement showing that the current balance on his 1990 income tax liability was $845.  A note to that statement provided:  "Penalty and interest totals are cumulative, but are not calculated to the Due Date shown above.  If a payoff total is required, please call the telephone number shown below."  Petitioner called the telephone number shown on that statement.  Later, petitioner contacted Insolvency Technician Molly Modin.  Based on those conversations, on July 20, 1999, petitioner sent to the Internal Revenue Service a check for $845 which he believed to be the remaining outstanding balance of his 1990 tax liability.  On July 23, 1999, this amount was applied to petitioner's 1990 income tax liability.

---

[3] The record does not contain a copy of the installment agreement, nor does it disclose all of its relevant terms.

On October 25, 1999, respondent assessed against petitioner an addition to tax of $828.30 under section 6651(a). The same day respondent sent to petitioner a notice stating that respondent had changed his 1990 account to "correct [petitioner's] penalty charge and interest charges." That statement showed the addition to tax of $828.30 and interest due of $3,414.37. Petitioner immediately sent a fax to Revenue Officer Curtis Rowe. Attached to that fax were copies of monthly statements that petitioner previously received from respondent. Those statements were dated March 19, 1997, June 16, 1999, July 14, 1999, and August 18, 1999, respectively. In addition, petitioner attached a copy of his statement of account dated August 9, 1999. The monthly statements and petitioner's statement of account, which petitioner sent to the Revenue officer, did not show any interest or penalties/additions to tax owed by petitioner.

Respondent treated petitioner's October 25, 1999, fax as an informal request for interest abatement. On November 8, 1999, respondent denied petitioner's interest abatement request.

On November 17, 1999, petitioner appealed respondent's determination not to abate all of the interest and additions to tax assessed against him with respect to his 1990 income tax liability.

On June 15, 2000, petitioner submitted to respondent a Form 843, Claim for Refund and Request for Abatement, requesting an abatement of all interest and additions to tax assessed against him for 1990.  The Appeals Officer Vicki Olsen reviewed petitioner's claim and determined that petitioner is entitled to abatement of interest by $1,707.  The abatement was relating to the interest accrued from January 15, 1996, to October 25, 1999.

OPINION

A.  Burden of Proof

Petitioner bears the burden of proving that respondent abused his discretion by not having abated interest against petitioner.  Rule 142(a); Lee v. Commissioner, 113 T.C. 145, 149 (1999); Woodral v. Commissioner, 112 T.C. 19, 23 (1999).  As will be shown in the discussion below, petitioner failed to establish that respondent abused his discretion by denying petitioner's interest abatement claim.  Therefore, petitioner failed to meet his burden of proof.

B.  Interest Abatement

As in effect for the taxable year in issue, section 6404(e)(1)[4] provides that the Secretary may abate all or any part

---

[4] Sec. 6404(e) was amended by Congress in 1996 to permit abatement of interest for "unreasonable" error and delay in performing a "ministerial or managerial" act.  Taxpayer Bill of Rights 2, Pub. L. 104-168, sec. 301(a), 110 Stat. 1457 (1996). The amendment applies to taxable years beginning after July 30, 1996, and therefore does not apply to this case.

of an assessment of interest on any deficiency or payment of tax if either: (A) The deficiency is attributable, in whole or in part, "to any error or delay by an officer or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial act," or (B) any error or delay in payment of tax is attributable to such officer or employee being erroneous or dilatory in performing a ministerial act.

For purposes of section 6404(e)(1), a "ministerial act" is a procedural or mechanical act that does not involve the exercise of judgment or discretion and that occurs during the processing of a taxpayer's case after all prerequisites to the act, such as conferences and review by supervisors, have taken place. Lee v. Commissioner, supra at 150; sec. 301.6404-2T(b)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30163 (Aug. 13, 1987).

This Court has jurisdiction to order an abatement of interest only when the Commissioner has abused his discretion in refusing a taxpayer's request to abate interest. Sec. 6404(g). In order for a taxpayer to show an abuse of discretion, he or she must establish that the Commissioner exercised his discretion arbitrarily, capriciously, or without sound basis in fact or law. See Rule 142(a); Lee v. Commissioner, supra at 149; Woodral v. Commissioner, supra at 23.

Subject to other requirements not applicable in this case, under section 6404(e) a taxpayer is entitled to an abatement of

assessed interest on a deficiency only for any period "after the Internal Revenue Service has contacted the taxpayer in writing with respect to such deficiency". Sec. 6404(e)(1). Respondent contacted petitioner in writing with respect to petitioner's 1990 income tax deficiency on January 15, 1996, when he sent to petitioner the first erroneous monthly statement. Respondent then corrected his mistake on October 25, 1999.

Respondent's denial of petitioner's claim to abate interest is supported by the overly broad scope of petitioner's claims. See Donovan v. Commissioner, T.C. Memo. 2000-220. Petitioner argues that he is entitled to the abatement of interest that accrued on his 1990 tax deficiency before January 15, 1996, and after October 25, 1999, because: (1) Respondent erred in computing his 1990 tax liability when he entered into an installment agreement in 1996; (2) his installment payments should have been larger or the period of his installment agreement should have been longer; (3) respondent erroneously released a tax lien against his property; (4) respondent gave him an incorrect payoff balance and statement of account; and (5) a payment made on his 1992 tax liability should have been applied

against his 1990 tax liability.[5]  We disagree with petitioner that he is entitled to his requested interest abatement.

Section 6404(e) requires not only the identification of an error or delay caused by a ministerial act on the Commissioner's part, but the identification of a specific period of time over which interest should be abated as a result of the error or delay.  See, e.g., Krugman v. Commissioner, 112 T.C. 230 (1999); Douponce v. Commissioner, T.C. Memo. 1999-398.  In his interest abatement claim, petitioner failed to show a correlation between the errors he alleged and any specific period of time.  Instead, he requested the abatement of "any and all" interest accrued on his 1990 income tax deficiency.[6]

Respondent has the authority to abate interest accrued as a result of a ministerial error or delay by his employees only if

---

[5] In reaching a decision under the abuse of discretion standard, the Court focuses on arguments and information available to respondent at the time his discretion was exercised. Sego v. Commissioner, 114 T.C. 604, 612 (2000); Donovan v Commissioner, T.C. Memo. 2000-220.  Because petitioner did not present his fifth argument in the interest abatement claim, we do not address that argument.

[6] In this regard, we understand petitioner also to be asserting that he is liable for none of the interest because it relates to an addition to tax that respondent assessed after the applicable period of limitations under sec. 6501.  As we have found, the addition to tax was assessed initially on Nov. 18, 1991 (approximately 1 month after petitioner filed his related return), abated on Aug. 14, 1995, and then reassessed on Oct. 25, 1999.  Petitioner's assertion, which focuses on the applicability of the addition to tax, is not an appropriate consideration in this interest abatement proceeding.

no significant aspect of such error or delay can be attributed to the taxpayer involved. Hawksley v. Commissioner, T.C. Memo. 2000-354; Donovan v. Commissioner, supra; sec. 6404(e)(1); sec. 301.6404-2T(a)(2), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30163 (Aug. 13, 1987). Respondent does not have authority to abate interest where, as here, the taxpayer contributed significantly to the accrual of that interest. The interest accrued on petitioner's 1990 income tax deficiency prior to January 15, 1996, and after October 25, 1999, was the result of petitioner's own actions and/or inactions. Petitioner failed to file timely his 1990 income tax return. Not a single payment was made by petitioner toward his 1990 income tax liability until January 26, 1996. Petitioner further failed to make any payments toward his 1990 income tax liability since October 25, 1999, when he was given a notice of the outstanding balance. Petitioner is responsible for the interest.

Petitioner further failed to identify a single ministerial error or delay by respondent that resulted in the accrual of interest on his 1990 income tax deficiency before January 15, 1996, and after October 25, 1999. Consequently, respondent had no authority to abate any part of the interest petitioner seeks to have abated. By refusing to do what he had no authority to do, respondent did not abuse his discretion. Woodral v. Commissioner, 112 T.C. at 25.

On the basis of our analysis, we hold that respondent's denial of petitioner's claim for abatement of interest was not an abuse of discretion.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.