T.C. Memo. 2009-113


UNITED STATES TAX COURT



DAVID H. BARAL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent



Docket No. 546-08.                      Filed May 26, 2009.


     P timely filed his 2001 Federal income tax return
reporting an income tax liability of $3,303.  After a
correction of a patent error on P's return, R
determined P's tax liability to be $1,076 and issued a
refund to P based on that recalculated liability.
Subsequently, R discovered P had unreported income,
wholly unrelated to the prior adjustment, which
resulted in a deficiency.  R determined P's deficiency
using the correct tax liability less the $1,076 of
liability P had already paid and assessed the
deficiency with interest.  Pursuant to I.R.C. sec.
6404, P sought an abatement of interest, arguing that
because P initially reported an income tax liability of
$3,303, R should have taken that into consideration and
should have charged interest only on the amount of the
deficiency that exceeded the $3,303 that P had
originally reported.  R denied P's abatement request.
P petitioned this Court for a review of R's denial of
abatement of interest.

**Held**:  R did not abuse his discretion in denying P's abatement of interest request and requiring P to pay interest on his entire deficiency.  Thus, P is not entitled to relief under I.R.C. sec. 6404.


David H. Baral, pro se.

Andrew M. Stroot, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


GUSTAFSON, Judge:  This case is before the Court on petitioner David H. Baral's petition for review of the Internal Revenue Service's (IRS) failure to abate interest under section 6404.[1]  The issue for decision is whether the IRS's denial of Mr. Baral's request to abate interest with respect to his income tax deficiency for 2001 was an abuse of discretion.  We hold that it was not.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts filed November 5, 2008, and the attached exhibits are incorporated herein by this reference.  At the time Mr. Baral filed his petition, he resided in Washington, D.C.

---

[1]Unless otherwise indicated, all citations of sections refer to the Internal Revenue Code of 1986 (26 U.S.C.), as amended, and all citations of Rules refer to the Tax Court Rules of Practice and Procedure.

Mr. Baral timely filed his Form 1040, U.S. Individual Income Tax Return, for tax year 2001. On that return Mr. Baral incorrectly computed the taxable portion of his Social Security benefits, reported too large an amount on line 20b of his return, and consequently reported a higher income tax liability than he was liable for with respect to those benefits. Mr. Baral reported that his income tax liability for 2001 was $3,303. Because of this patent defect on the face of Mr. Baral's 2001 return, the IRS reduced Mr. Baral's income tax liability to $1,075.96 to reflect the proper taxable portion of his Social Security benefits. On May 20, 2002, the IRS sent Mr. Baral a letter explaining the changes it had made to his return and indicating that since Mr. Baral had made $7,038 in total payments to the IRS--through withholdings, estimated payments and/or amounts applied from his 2000 return--he would be due a larger refund than he originally reported on his 2001 return.[2]

On May 20, 2002, the IRS refunded to Mr. Baral an overpayment of income tax of $5,962.04. This was $2,227.04 more than Mr. Baral was expecting, but Mr. Baral did not contact the IRS regarding the higher refund amount.

---

[2]Mr. Baral originally reported that he overpaid his 2001 taxes by $3,735, i.e., his $7,038 payments less his $3,303 income tax liability. However, when the IRS reduced Mr. Baral's income tax liability to $1,075.96, that increased Mr. Baral's overpayment of income tax to $5,962.04, i.e., payments of $7,038 less the adjusted income tax liability of $1,075.96.

Almost 2 years later, on March 1, 2004, the IRS discovered that Mr. Baral had failed to report $9,552 of pension/annuity income on his 2001 return. The IRS issued to Mr. Baral a Notice CP2000, proposing changes to his 2001 return to reflect the previously unreported pension/annuity income. This unreported income, which was wholly unrelated to the prior adjustment, resulted in additional tax due from Mr. Baral. As a result, on July 26, 2004, the IRS issued to Mr. Baral a statutory notice of deficiency, in which it determined an income tax deficiency of $2,640.[3] Mr. Baral timely petitioned this Court for a redetermination of that deficiency at docket No. 20136-04S.

On November 2, 2005, a stipulated decision was entered in docket No. 20136-04S, in which Mr. Baral agreed to the full income tax deficiency that had been determined in the notice of deficiency--i.e., $2,640. On the decision document that Mr. Baral signed, the parties stipulated, inter alia--

> It is further stipulated that interest will be assessed as provided by law on the deficiency due from petitioner.

Mr. Baral paid that deficiency in full on or about March 13, 2006. On June 26, 2006, the IRS assessed the interest of $598.27

---

[3]Mr. Baral's total income tax liability for 2001--taking into consideration the proper taxable portion of his Social Security benefits and the unreported income--was $3,716. The IRS retained only $1,075.96 of Mr. Baral's tax payments after processing his prior refund, so the resulting deficiency was $2,640, i.e., $3,716 minus $1,076.

due on that deficiency.  Mr. Baral paid the interest in full on or about July 14, 2006.

On December 11, 2006, Mr. Baral submitted a Form 843, Claim for Refund and Request for Abatement, seeking an abatement of a portion of the interest that was assessed and paid with respect to the 2001 deficiency.  Mr. Baral's contention was that the IRS's unsolicited adjustment to the taxable portion of his Social Security benefit resulted in more money being refunded to him in May 2002 than he had requested on his return.  Consequently, his 2001 deficiency was higher than it would have been if that adjustment had never been made. Mr. Baral argues that had the IRS not made the initial adjustment to his return, his deficiency would have only been $413, i.e., the correct tax liability of $3,716 less the $3,303 amount Mr. Baral had initially reported as his income tax liability.  So Mr. Baral contends that the IRS, instead of charging interest on a deficiency of $2,640, should have charged interest on a deficiency of only $413.  By letter dated July 9, 2007, which served as the IRS's final determination, the IRS denied Mr. Baral's request for abatement of interest.  In support of this denial, the IRS stated:

- There was no unreasonable error or delay relating to the performance of a ministerial or managerial act in processing the examination of your return.

- The excess refund you received was the result of the Service Center correction of an error you made on your 2001 return.  You received a correction notice which granted an opportunity for your [sic]

to confirm or dispute the correction made.  You
did not return the excess refund until after you
had been examined and your case processed through
the Tax Courts.

On January 7, 2008,[4] Mr. Baral timely filed a petition for

this Court's review of the IRS's failure to abate interest under

section 6404, disputing the IRS's determination not to abate and

refund him a portion of the interest he paid on his 2001

deficiency.  Mr. Baral's petition repeated the same argument he

made on his Form 843, i.e., that because he initially reported an

income tax liability of $3,303, the IRS should have taken that

into consideration and should have charged interest only on a

deficiency amount equal to the correct tax liability less the

$3,303 he had originally reported.

OPINION

I.    The Commissioner Has Authority To Abate Interest, and the
      Tax Court Has Authority To Review that Determination.

Under section 6404(e)(1), the IRS may abate part or all of

an assessment of interest on any deficiency or payment of tax if

(a) either (1) the deficiency was attributable to an unreasonable

error or delay by an IRS official in performing a ministerial or

---

[4]The last day on which Mr. Baral had to file a petition with
the Tax Court was January 5, 2008.  However, because January 5,
2008, fell on a Saturday, Mr. Baral had until the next business
day, i.e., Monday, January 7, 2008, to timely file his petition.
See Rule 25(a)(2)(B).

managerial act,[5] or (2) an error or delay by the taxpayer in paying his or her tax is attributable to an IRS official's being erroneous or dilatory in performing a ministerial or managerial act; and (b) the taxpayer caused no significant aspect of the delay.  Interest can be abated only after the Commissioner has contacted the taxpayer in writing about the deficiency or payment in question.  See sec. 6404(e) (flush language); Krugman v. Commissioner, 112 T.C. 230 (1999).

If the IRS denies the abatement request, the taxpayer may petition the Tax Court for a review of that determination. Sec. 6404(h)(1); see Hinck v. United States, 550 U.S. 501, 506 (2007) (holding that the Tax Court provides the exclusive forum for judicial review of the IRS's refusal to abate interest). Since the IRS's authority to abate interest is discretionary and not mandatory, the Tax Court may order the abatement of interest only if it finds that the IRS abused its discretion by failing to abate the interest.  Sec. 6404(h)(1); sec. 301.6404-2(a)(1),

---

[5]A "ministerial act" is defined as a "procedural or mechanical act that does not involve the exercise of judgment of discretion, and that occurs during the processing of a taxpayer's case after all prerequisites to the act * * * have taken place." Sec. 301.6404-2(b)(2), Proced. & Admin. Regs.  A "managerial act" is defined as "an administrative act that occurs during the processing of a taxpayer's case involving the temporary or permanent loss of records or the exercise of judgment or discretion related to management of personnel."  Sec. 301.6404-2(b)(1), Proced. & Admin. Regs.  Under these definitions, a decision concerning the proper application of Federal tax law is neither a managerial nor a ministerial act.

Proced. & Admin. Regs. (26 C.F.R.)  In order to prevail, a taxpayer must prove that the IRS exercised its discretion arbitrarily, capriciously, or without sound basis in fact or law. See Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

In Mr. Baral's case, we have jurisdiction to determine whether the IRS's failure to abate interest under section 6404(e)(1) was an abuse of discretion because (i) Mr. Baral filed a claim with the IRS under section 6404(e) seeking an abatement of interest, (ii) the IRS issued a final determination which disallowed Mr. Baral's claim to abate interest, and (iii) Mr. Baral timely filed a petition to review the failure to abate interest.  See sec. 6404(h).

II. <u>The IRS's Refusal To Abate a Portion of Mr. Baral's Interest With Respect to The 2001 Deficiency Was Not an Abuse of Discretion</u>.

For a taxpayer to be eligible for an abatement of interest on a deficiency, the Code requires that the accrual of interest result from an unreasonable error or delay due to a managerial or ministerial act.  Sec. 6404(e)(1).  Mr. Baral has neither alleged nor shown that there was any managerial or ministerial act during the processing of his case that resulted in the accrual of interest.  Instead, Mr. Baral contends that the IRS should be allowed to charge deficiency interest only on a $413 deficiency, as opposed to a $2,640 deficiency.  Mr. Baral's position is not unsympathetic:  He initially reported $3,303 as his income tax

liability.  He was willing to pay and did pay that amount as his tax liability.  But for the IRS's reduction of his income tax liability--which Mr. Baral never requested--the IRS would have retained $3,303 of his tax payments.  Therefore (he reasons), if the IRS later determined that Mr. Baral was deficient in his income tax payments, then most of that deficiency was attributable not to Mr. Baral's underreporting but to the IRS's unsolicited refund.

Unfortunately, there are several flaws in Mr. Baral's position.  First, the reduction that the IRS made in Mr. Baral's income tax liability for 2001 was entirely proper, since it was due to a patent error on the return.  Mr. Baral reported his Social Security income as $16,548 and reported the taxable portion thereof as $14,070.  The IRS, upon an inspection of the numbers on Mr. Baral's return, recognized this as an error and corrected it.  Mr. Baral makes no argument that the IRS's correction of the taxable portion of his Social Security benefits was incorrect; he complains only that the IRS made the correction of its own accord.  When the IRS accurately spots an error on a return and fixes it to give the taxpayer a larger refund, the IRS can hardly be criticized.

Second, irrespective of the adjustment to the taxable portion of the Social Security benefits, Mr. Baral had income-- wholly unrelated to the IRS's prior adjustment--that he failed to

report and that was missing from his 2001 return because of his own error. This discrepancy did not come to light until after the IRS had made the initial correction to Mr. Baral's return and had issued him a refund based on that corrected information. Mr. Baral makes no argument that the failure to report his pension/annuity income was due to anything other than his own error.

Third, Mr. Baral desires for statutory interest to be assessed on an amount--$413--that was <u>not</u> the amount determined to be his deficiency. In Mr. Baral's deficiency suit at docket No. 20136-04S, the Court entered a stipulated decision that Mr. Baral had an income tax deficiency of $2,640. Mr. Baral stipulated the truism that the deficiency would bear interest "as provided by law". The relevant law here is section 6601(a), which provides that statutory interest shall be charged on the amount of the deficiency, until the deficiency is paid in full. By entering into a stipulated decision in docket No. 20136-04S, Mr. Baral agreed that his deficiency for 2001 was $2,640. Section 6601(a) mandates that interest be charged on that amount, i.e., the deficiency amount.

To some extent Mr. Baral's argument that the deficiency interest should be charged only on a deficiency of $413 is an attempt to repudiate the deficiency amount already determined to be $2,640. That $413 amount however, is a fictitious

"deficiency" that never existed, and it is the higher amount of $2,640 that was Mr. Baral's actual deficiency, as defined in the statute. Section 6211(a) defines a deficiency as follows:

> SEC. 6211(a). In General.--For purposes of this title in the case of income, estate, and gift taxes imposed by subtitles A and B and excise taxes imposed by chapters 41, 42, 43, and 44 the term "deficiency" means the amount by which the tax imposed by subtitle A or B, or chapter 41, 42, 43, or 44 exceeds the excess of--
>
>> (1) the sum of
>>
>>> (A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus
>>>
>>> (B) the amounts previously assessed (or collected without assessment) as a deficiency, over--
>>
>> (2) the amount of rebates, as defined in subsection (b)(2), made.[6]

Mr. Baral's deficiency for 2001 was determined as "the amount by which the tax imposed by subtitle A or B" (i.e., $3,716) exceeds the sum of "the amount shown as the tax by the taxpayer upon his

---

[6]The Internal Revenue Code recognizes two types of refunds: rebate and nonrebate. Acme Steele Co. v. Commissioner, T.C. Memo. 2003-118 (citing O'Bryant v. United States, 49 F.3d 340, 342 (7th Cir. 1995)). A rebate refund is issued on the basis of a substantive recalculation of a taxpayer's liability, e.g., the amount of tax due is less than the tax shown on the return. Mr. Baral initially reported his tax liability to be $3,303. The IRS substantively recalculated his liability because of an error on the return and determined his tax liability to be $1,076. This recalculation of Mr. Baral's income tax liability resulted in an increased refund to Mr. Baral of $2,227. By definition, this $2,227 was a rebate refund. See sec. 6211(b)(2); Acme Steele Co. v. Commissioner, supra.

return" (i.e., $3,303) over "the amount of rebates * * * made" (i.e., $2,227). Therefore, Mr. Baral's properly computed deficiency in his deficiency suit at docket No. 20136-04S was, as it should have been, $2,640.

Since the IRS properly assessed statutory interest on Mr. Baral's deficiency calculated according to the statute, and since Mr. Baral has neither alleged nor shown that there was any unreasonable error or delay in performance of a managerial or ministerial act during the processing of his case that resulted in the accrual of interest, we cannot find that the IRS abused its discretion in denying Mr. Baral's request for abatement under section 6404(e)(1).

If Mr. Baral's abatement request had been treated as a request for abatement of "the assessment of * * * interest on [an] erroneous refund" under section 6404(e)(2) (i.e., treating the interest at issue as attributable to the May 2002 erroneous refund) instead of as a request for abatement of the assessment of interest on a deficiency under section 6404(e)(1), then interest might not have started running against Mr. Baral until sometime in 2004, and a portion of the interest might be abated on that ground. The Court therefore invited the parties to consider the possible applicability of section 6404(e)(2). However, as respondent correctly argued, it is section 6404(e)(1) that, by its terms, addresses abatement of interest when, as

here, the interest has been assessed on account of a deficiency. Section 6404(e)(2) deals with abatement of interest when the IRS prevails in an erroneous refund suit and interest is assessed thereafter. Because the IRS chose to pursue deficiency procedures against Mr. Baral, interest accrued on the deficiency; and any abatement of interest--i.e., interest on that deficiency--must be addressed under section 6404(e)(1), not section 6404(e)(2). The IRS considered Mr. Baral's abatement request under the proper Code section, section 6404(e)(1), when making its determination.

III. <u>Conclusion</u>

The IRS properly assessed interest on Mr. Baral's 2001 income tax deficiency of $2,640 according to law and according to his stipulation in docket No. 20136-04S. His argument that the IRS should have charged interest on only a hypothetical deficiency of $413 has no legal basis. The IRS made no error in processing the refund that gave rise to the deficiency. Rather, the errors here were Mr. Baral's--i.e., erroneously computing the taxable portion of his Social Security benefits and erroneously omitting his pension/annuity income. Accordingly, we hold that the IRS did not abuse its discretion in denying Mr. Baral's request for interest abatement under section 6404.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.